BILL GREEN v. THE STATE.

No. 2938. Decided January 21, 1914.

**Manslaughter—Insufficiency of the Evidence.**

Where, upon trial and conviction of manslaughter, the evidence was insufficient to sustain the conviction, the same was reversible error.

Appeal from the District Court of Knox. Tried below before the Hon. Jo. A. P. Dickson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of manslaughter, his punishment being assessed at two years confinement in the penitentiary.

This is the second appeal. The judgment on the former appeal was reversed for reasons stated in the opinion, in March, 1913. The case arose in Baylor County and was transferred on change of venue to Knox County. The case is not materially different on the facts on this appeal from those on former appeals.

It may be stated briefly that the two youngsters, deceased being nineteen and defendant not quite seventeen, met at a party. The deceased had made some remarks about the appellant and a young lady. Appellant had expressed a desire to call the attention of deceased to the matter, and ask him about it, as he says, with the wish that he cease such talk. He was requested not to do so, and he said, very well, that he would not, and paid no further attention to it. He mingled with the crowd at the party among whom was deceased, and with him pleasantly. About 11 o'clock appellant carried a young lady, Miss Garnett, home in a buggy and returned to the party, but when he returned deceased called

appellant and told him he wanted to talk with him. Some of the witnesses say he called appellant and Doss and said he wanted to talk with both of them. The three went outside of the yard to a well a short distance away. Upon reaching the well the deceased remarked to appellant that he understood that he, appellant, was going to whip him or had said he was going to whip him. This appellant denied, whereupon deceased called him a damned liar and struck him, knocking him down, and got on him and beat him with his fists, and as one of the witnesses expressed it "was tramping on his breast and stomach with his knees." Appellant reached in his pocket, got out his knife and cut deceased four times; two of the wounds were trivial; one of the wounds was in his left chest, two or three inches from the heart; some of the witnesses say it went to the hollow. This seems to be a disputed fact, however. The fourth wound occurred in the thigh and penetrated the main artery at that point, not cutting it in two, but slicing it downward. The doctor who attended the deceased testified the wound in the thigh produced death, and was the only fatal found. Appellant testified that the deceased knocked him down, jumped on him and beat him with his fists, and was tramping on his breast and stomach with his knees. That he reached in his pocket, got out his knife and opened it, and cut deceased, not with any view of killing him but to relieve himself from the assault and to get the deceased off of him. There is evidence showing appellant complained for several days from the soreness about his chest and stomach. The evidence further shows the deceased was much stronger and more athletic than appellant, weighing something like 160 to 175 pounds, and was six feet and one inch in height, while appellant was a small man, weighing about 120 pounds, and was not a match physically for deceased. This is the substance of the facts of the case, omitting incidental matters, which have no or at least very little bearing upon the case.

Under this testimony the writer is of the opinion that the State has not made out a case that ought to incarcerate this appellant in the penitentiary. The jury gave him manslaughter, with two years as a punishment.

This is the only question presented for revision, and we are of opinion this judgment ought not to be affirmed, and it is therefore ordered to be reversed and the cause remanded.

*Reversed and remanded.*