Jessie Lee SAXTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 1404–89.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 27, 1991.

George J. Delaney, Janet Morrow (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Linda A. West, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of murder, V.T.C.A. Penal Code § 19.02(a)[1], and the trial judge assessed punishment at confinement for 15 years in the Texas Department of Corrections[2] and restitution of

---

1. Appellant was indicted under two theories of murder, § 19.02(a)(1) and (2), and the jury was charged pursuant to both theories. The verdict, however, is a general one and states only that the jury found appellant guilty "of murder with the use of a firearm, as charged in the indictment."

2. Now called Texas Department of Criminal Justice, Institutional Division.

$1,300. On direct appeal, the court of appeals found the evidence insufficient to support the conviction because the State failed to disprove appellant's defense of self-defense beyond a reasonable doubt. *Saxton v. State,* 776 S.W.2d 685 (Tex.App.—Houston [14th Dist.] 1989). The appellate court therefore reversed appellant's conviction and rendered a judgment of acquittal. *Id.* at 689. We granted the State's petition for discretionary review to determine whether the court of appeals erred in finding the evidence was insufficient. Tex.R.App.Proc. 200(c)(5) and (6). We will reverse and remand.

Appellant was the only eyewitness to this offense, other than the deceased of course. Appellant testified at the guilt/innocence phase of trial, and we quote liberally from the court of appeals' summary of his testimony.

> [A]ppellant testified that he had invited the deceased over for a drink and after a few drinks on the patio it began to rain and they moved into the living room. The conversation turned to a mutual former girlfriend, Diane Hoge, and the deceased became agitated. Appellant testified that the deceased continued to get more and more belligerent, (sic) refused to leave the house although Appellant repeatedly asked him to leave. Appellant continued to ask him to leave and then picked up his pistol from the bedroom. He stated that, 'I thought maybe that would convince him to leave, ... and he wouldn't. It just kept getting worse.' Appellant was sitting on the loveseat with his pistol in his hand laying on his right leg. He testified the decedent 'kept easing toward' him, walking between the other sofa and the coffee table and then suddenly he lunged at Appellant. Appellant continued, 'I don't think he meant to come over the coffee table. I think he meant to kick it out of the way, and I can't remember whether he literally kicked it out of the way or in the process of lunging at me that he hit the table with his leg.' Appellant estimated that the deceased was about five feet from him when he lunged and stated that he did not aim the pistol when it fired.

> Appellant stated that the deceased was very angry, threatened to kill him and that when the deceased lunged, Appellant was frightened for the safety of his family and himself. He reiterated that he was terribly afraid and his state of mind was 'totally fear'. When asked why he told people at the scene it was an accident, Appellant responded, 'Because I didn't mean to kill him, I didn't want to kill him, and I felt like that if I—when I went and got the gun, I felt like that maybe that would make him leave.'

> Appellant did not remember when he actually pulled the trigger because '[e]verything happened so fast,' but stated he 'knew he was close because he was in the process of coming at me ... reaching for me.' After the shooting he laid the gun on the coffee table and went to tell his wife to call the police and ambulance.

*Id.* at 686–687.

Other evidence established that the gun recovered at the scene had one fired cartridge under the hammer and five unfired rounds. A firearms examiner testified the type weapon used in this offense had a "light" trigger pull, must be fully cocked in order to fire, and had a safety mechanism which had to be released to fire. Also, the crime scene investigator stated the fired bullet entered through the deceased's chest, exited through his back about five inches below the nape of his neck, and travelled through the ceiling. A chemist testified there was a bullet hole in appellant's pants leg and the weapon was within one foot of the pants when fired. A photograph admitted into evidence showed appellant sustained powder burns on his leg. The medical examiner stated the deceased was killed by a single gunshot fired at close range, which penetrated the heart, right lung, diaphragm and liver, and also that the deceased had a blood alcohol level of .347. According to the medical examiner the path of the bullet was consistent with appellant's account of the position of his and the deceased's bodies and the weapon.

On the basis of the full record, the court of appeals held the State failed to refute appellant's defense of self-defense. *Id.* at 688. The appellate court reasoned that pursuant to V.T.C.A. Penal Code § 2.03(d), *Van Guilder v. State*, 709 S.W.2d 178 (Tex.Cr.App.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986), and *Luck v. State*, 588 S.W.2d 371 (Tex.Cr.App.1979), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980), once a defendant has met his burden of producing sufficient evidence to raise the defense of self-defense, the State is required to disprove that defense beyond a reasonable doubt. The court of appeals therefore required the State to produce evidence which established beyond a reasonable doubt that appellant did *not act* in self-defense. *Saxton*, 776 S.W.2d at 686 (emphasis in original). The court of appeals noted, however, that for an appellate court to find as a matter of law that the defendant acted in self-defense, the evidence must be uncontradicted and no issue thereon presented for the jury's determination. *Id.*, citing *Jenkins v. State*, 740 S.W.2d 435, 438 (Tex.Cr.App.1983).[3] The court of appeals found that the State failed to produce evidence to refute appellant's claim of self-defense and that "all of the evidence is uncontradicted and is consistent with self defense." *Id.*[4]

In reaching its decision, the court of appeals relied on language in this Court's decisions in *Van Guilder*, 709 S.W.2d 178, and *Luck*, 588 S.W.2d 371, which discussed, among other things, Penal Code § 2.03(d),

which was also relied upon by the court of appeals in this case. Section 2.03, entitled Defense, provides in its entirety:

(a) A defense to prosecution for an offense in this code is so labeled by the phrase: "It is a defense to prosecution...."

(b) The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense.

(c) The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.

(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.

(e) A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense.

Critical to the issue in this cause is subsection (d)[5], its meaning and accompanying procedural requisites, if any.

In *Luck*, the appellant contended the jury charge was erroneous because it did not instruct the jury that the State had to disprove beyond a reasonable doubt the issue of self-defense. After recognizing self-defense is a defense under the Penal Code, the Court noted the applicability of § 2.03(d), reviewed the Practice Commentary, and quoted therefrom:

**3.** *Jenkins* quotes this proposition of law from *Parkman v. State*, 149 Tex.Cr.R. 101, 191 S.W.2d 743 (Tex.Cr.App.1946), which relied on *Parker v. State*, 138 Tex.Cr.R. 478, 136 S.W.2d 229 (Tex.Cr.App.1939), and *Patton v. State*, 129 Tex.Cr.R. 269, 86 S.W.2d 774 (Tex.Cr.App.1935), as authority. The appellants in both *Parker* and *Patton* claimed the evidence was insufficient to sustain their convictions because they acted in self-defense. In addressing this sufficiency issue in *Patton*, 86 S.W.2d at 775, this Court stated, without cite to any authority, that "[i]n order for this court to hold as a matter of law that the accused acted in self-defense, the testimony on that issue must be uncontradicted." Likewise, no authority was cited for this proposition in *Parker*, 136 S.W.2d at 230. Given that the question of whether the accused acted in self-defense is a

fact issue for the trier of fact's determination and that "beyond a reasonable doubt" is the required level of proof, we disavow this language in the sufficiency of the evidence context. See discussion *infra* at pp. 913–914.

**4.** The court of appeals implicit holding that appellant established "as a matter of law" that he acted in self-defense is incorrect. See fn. 3, *supra*.

**5.** At the risk of overstating the obvious, we note that self-defense is a defense under the Penal Code, and, thus, § 2.03 is applicable. V.T.C.A. Penal Code § 9.02 states "[i]t is a defense to prosecution that the conduct in question is justified under this chapter." Section 9.31 provides for self-defense as a justification.

"... The effect of Subsection (d) is to require the state to disprove a defense beyond a reasonable doubt after the issue has been properly raised by the evidence. In other words, the defendant has the burden of producing evidence to raise a defense, but the prosecution has the final burden of persuasion to disprove it."

*Luck*, 588 S.W.2d at 375. The Court held no error was shown in the jury charge because the charge, when viewed as a whole, properly placed the burden on the State to show beyond a reasonable doubt that the appellant was not acting in self-defense. *Id.* In *Van Guilder*[6], the Court addressed the standard for an evidentiary review where the defendant has raised an affirmative defense. When discussing the defendant's burden of proof as to an affirmative defense under Penal Code § 2.04(d)[7], the Court noted that

This [2.04(d)] burden is very different from that required of all other defenses that are not specifically defined as affirmative defenses in the Texas Penal Code. In other defenses the burden of producing evidence is shifted to the defendant. However, after he has met this burden of production, the State must disprove the allegation beyond a reasonable doubt. Tex.Penal Code Sec. 2.03(d). This level of proof is not required of the State in affirmative defense cases.

*Van Guilder*, at 181. Citing § 2.03(d), *Luck*, and *Van Guilder*, the court of appeals concluded "the State *must produce evidence* which establishes beyond a reasonable doubt that Appellant did *not act* in self-defense." *Saxton*, 776 S.W.2d at 686, (emphasis added). We find that the court of appeals, by relying on § 2.03(d), *Luck*, and *Van Guilder*, utilized an incorrect standard of review for the sufficiency of the evidence when a defendant raises a defensive issue.

As the State correctly asserts in its brief, Penal Code § 2.03(d) and *Luck* address the mechanics of the jury charge[8] vis-a-vis the State's burden of proof when a defensive issue has been raised by the evidence[9], rather than the sufficiency of the evidence. Arguably, § 2.03(d) appears to impose a burden on the State to directly refute a defense raised at trial, and dicta in both *Luck* and *Van Guilder* certainly support such a proposition, but the Practice Commentary to § 2.03(d) and other case law indicate otherwise. First, the Practice Commentary points out that the State has the burden of *persuasion* in disproving the evidence of self-defense. See p. 913, *supra*. That is not a burden of *production*, i.e., one which requires the State to affirmatively produce evidence refuting the self-defense claim, but rather a burden requiring the State to prove its case beyond a reasonable doubt. Secondly, and more importantly, case law instructs us that the issue of self-defense is an issue of fact to be determined by the jury.[10] *Jenkins*, 740

---

**6.** *Van Guilder* was overruled by this Court in *Meraz v. State*, 785 S.W.2d 146 (Tex.Cr.App. 1990), which was delivered after the court of appeals' decision in this case. Both *Van Guilder* and *Meraz* addressed the standard of review applicable when determining whether a defendant had established an affirmative defense, but the *Meraz* opinion adopted the correct standard. The Court determined the court of appeals is constitutionally given the authority to determine if a jury finding is against the great weight and preponderance of the evidence. Art. V., § 6, Tex. Const. *Meraz*, 785 S.W.2d at 154.

**7.** Section 2.04, Affirmative Defense, provides in pertinent part:
(d) If the issue of the existence of an affirmative defense is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of evidence.

**8.** In this cause, the trial charge instructed the jury on both theories of murder alleged in the indictment and on the issue of self-defense and the State's corresponding burden, in accordance with § 2.03(d).

**9.** It is now axiomatic that the "defendant has a right to an affirmative instruction on every defensive issue raised by the evidence whether the evidence is produced by the state or by the defense, whether it is strong or feeble, whether it is unimpeached or contradicted, or whether it is conflicting." See e.g. *Ramos v. State*, 478 S.W.2d 102 (Tex.Cr.App.1972).

**10.** Justice Junell's dissenting opinion in the court of appeals correctly espouses this very point. See *Saxton*, 776 S.W.2d at 689. We also agree with Justice Junell's opinion that "there was a fact issue for jury determination concerning whether appellant in fact believed deadly

S.W.2d at 438, citing *Silva v. State*, 546 S.W.2d 618 (Tex.Cr.App.1977); *Sloan v. State*, 515 S.W.2d 913 (Tex.Cr.App.1974); and *Puckett v. State*, 640 S.W.2d 284, 287 (Tex.Cr.App.1982). Defensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence. A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory. *Jenkins*, 740 S.W.2d at 438.

Thus, we conclude the court of appeals erred in relying on § 2.03(d), *Luck*, and *Van Guilder* and thereby creating a burden of production for the State in cases where defensive evidence is presented when addressing the sufficiency of the evidence to support a conviction. In resolving the sufficiency of the evidence issue, we look not to whether the State presented evidence which refuted appellant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of murder beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt. See Penal Code § 2.03(d); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Cr.App.1989). The court of appeals' failure to use this standard of review was error.

▇ Turning to the sufficiency review, we reiterate pertinent facts as well as add other facts not previously discussed. Appellant admitted pulling the trigger on the weapon when the deceased lunged at him, and, on cross-examination by the prosecutor, he admitted he shot an unarmed man. In fact, no weapons were found on the

deceased except for a closed pocketknife which was in his pocket. Appellant also stated that he did not intend to kill the deceased but that he went and got the gun hoping that would make the deceased leave his home. The firearms examiner testified the alleged murder weapon was a single action .44 caliber weapon which meant the hammer on the gun had to be fully cocked in order to fire. Appellant also told police at the scene that the shooting was an accident. On the basis of these facts, we hold that a rational jury could have found beyond a reasonable doubt against appellant on the self-defense issue. In other words, the evidence is sufficient, and the court of appeals erred in finding the evidence insufficient to support appellant's conviction.

Accordingly, we sustain the State's ground for review and reverse the judgment of the court of appeals. We remand this cause to the court of appeals so that it may address the remaining points of error which appellant raised on direct appeal.

MALONEY, J., not participating.

CLINTON, Judge, dissenting.

Trial by jury may well be "that palladium of civil liberty" but, alas, not all jurors are infallible.

## I.

"When the facts proved show that the homicide was committed in necessary self-defense and while legally exercising that right, the jury is not authorized to *arbitrarily* convict the accused of murder or manslaughter."

5 Branch's Annotated Penal Code (2d Ed. 1956) 399, § 2085, citing cases from *Smith v. The State*, 15 Tex.App. 338 (Ct.App. 1884), through *Middleton v. State*, 147 Tex.Cr.R. 146, 179 S.W.2d 510 (1944); *accord*: 1 Texas Annotated Penal Statutes (Branch's 3rd Ed.1974) 347, n. 1.[1]

---

force was immediately necessary to protect himself against [the victim's] use or attempted use of deadly force." *Id.*

1. In *Smith v. The State*, supra, after discussing law and evidence relative to aspects of self-de-

fense for the Court, Judge Hurt posed and answered pertinent questions, *viz:*

"Do not the facts in this case bring the defendant clearly and fully within the rule [of self defense] stated above? If not, is it possible for a party accused of murder to make the

Thus we find an 1884 statement of the proposition later recast by the Court in terms recently iterated in *Jenkins v. State,* 740 S.W.2d 435, 438 (Tex.Cr.App.1987), which excerpted it from *Parkman,* a 1946 opinion of the Court that in turn cited two supporting opinions of the Court: *Parker* in 1939 and *Patton* in 1935. Notwithstanding that impressive line of authority, the majority views *Patton* as the genesis of the rule and faults the Court for not citing any cases in it or *Parker,* and on that perceived omission determines to "disavow this language in the sufficiency of evidence context." Opinion, at 912, n. 3.

That the Court considered the rule valid and viable is demonstrated by the simple fact that it worked under it and decided those cases and others in accordance with it.[2]

Indeed, writing for the Court in *Parkman,* Judge Lloyd Davidson was not content merely to state "the controlling rule" and cite *Parker* and *Patton.* He went on to find its real genesis in the seminal opinion by Judge Hurt in *Smith,* supra, and examined the evidence in that light, 191 S.W.2d at 744–746; on rehearing Judge Graves did also, *id.,* at 747. Yet, the majority treats *Parkman, Parker* and *Patton* in a vacuum, not only disregarding their precursors, see *ante,* at 910, but also ignoring their followings in this Court.[3]

Manifestly, the rule is still "alive and well." In *Jenkins,* Judge Teague properly examined the evidence in light of *Park-*

---

rule a protection, notwithstanding the verdict of the jury? *Or is this rule completely within the control of the jury, to be extended or withheld from the defendant at their pleasure, be the evidence what it may?* We are of the opinion that the evidence in this case fails to show the defendant guilty of murder, but, to the contrary, if such be possible, makes a case of self-defense beyond any sort of question, and that the verdict of the jury is not supported by the evidence."
*Id.,* at 346. (All emphasis here and throughout is mine unless otherwise indicated.) See *Middleton v. State,* supra, at 512–513; *Garello v. State,* 31 Tex.Cr.R. 56, 20 S.W. 179, at 182 (1892); *Hallowel v. State,* 28 S.W. 468 (Tex.Cr. App.1894); *Carson v. State,* 43 Tex.Cr.R. 265, 64 S.W. 1046 (1902); *Chambless v. State,* 77 S.W. 2 (Tex.Cr.App.1903) (jury may not arbitrarily find a verdict, regardless of undisputed facts of self-defense); *Clarkston v. State,* 79 S.W. 304 (Tex. Cr.App.1904); *Green v. State,* 72 Tex.Cr.R. 538, 162 S.W. 1151, 1152 (1914); *Pittman v. State,* 140 Tex.Cr.R. 264, 144 S.W.2d 569 (1940) (verdict of jury always upheld when there is evidence to support it, but if verdict is against uncontroverted testimony of self-defense duty of the court is to set it aside).

2. Judge Krueger, writing as commissioner for the Court in both *Parker* and *Patton,* stated the rule in substantially the same language, as if by rote. Conducting a review under that rule the Court agreed the evidence as to self-defense was not uncontroverted and thus it could not find self-defense as a matter of law. *Parker,* at 230 and at 231 (motion for rehearing); *Patton,* at 775.
   Moreover, in 1944 Presiding Judge Hawkins wrote the opinion on rehearing in *Middleton,* supra, finding self-defense as a matter of law and reversing the judgment of conviction, relying on, e.g., *Smith, Carson* and *Green,* all supra

and cited *ante* in note 1. 179 S.W.2d at 513–515. Compare dissenting opinion of Judge Graves:
   "My brethren have held that the sum total of this testimony leads one to the inescapable conclusion that the uncontradicted facts show a case of perfect self-defense under the law. \* \* \* \*
   Under these circumstances, I am not willing to say that as a matter of law these facts make a case of perfect self-defense.... If the facts as related by appellant were undisputed ... I think my brethren would be correct ..."
*Id.,* at 514–515. Implicitly the Court tested the evidence under the rule of *Smith, Parker* and *Patton.*

3. The most cited cases include:
   *Garcia v. State,* 454 S.W.2d 400, 406 (Tex.Cr. App.1970); *Escamilla v. State,* 464 S.W.2d 840, 841 (Tex.Cr.App.1971); *Whitfield v. State,* 492 S.W.2d 502, 504 (Tex.Cr.App.1973); *Powers v. State,* 497 S.W.2d 594, 596 (Tex.Cr.App. 1973); *Appleman v. State,* 531 S.W.2d 806, 808 (Tex.Cr.App.1975).
   For recognition of the rule by courts of appeals, see, e.g.:
   *Cruz v. State,* 629 S.W.2d 852, 860 (Tex.App.—Corpus Christi 1982), PDR refused; *Huffman v. State,* 691 S.W.2d 726, 728 (Tex.App.—Austin 1985), no PDR history; *Sebree v. State,* 695 S.W.2d 303, 305 (Tex.App.—Houston [1st] 1985), no PDR history; *Williams v. State,* 710 S.W.2d 828 (Tex.App.—Dallas 1986), PDR refused; *Torres v. State,* 751 S.W.2d 705, 707 (Tex.App.—Corpus Christi 1988), PDR refused; *Torres v. State,* 785 S.W.2d 824 (Tex.Cr. App.1890); *Collins v. State,* 754 S.W.2d 818, 821 (Tex.App.—Houston [1st] 1988), PDR refused; *Hernandez v. State,* 774 S.W.2d 319, 321–322 (Tex.App.—Dallas 1989), PDR refused.

*man,* correctly found "there was sharp conflict in the evidence as to self-defense," so the Court was "unable to agree that the evidence was totally uncontradicted." 740 S.W.2d, at 438. To "disavow this language" in *Parkman, Parker* and *Patton* is to reject it without rational justification or demonstrated need.

Therefore, in this respect the court of appeals merely recognized a rule—which the State here acknowledges the "rather colorful old case [of *Smith v. The State* established]," Brief at 6—supported by more than one hundred years of consistent precedent, and I dissent to that part of the majority opinion rejecting it. Opinion, at 912 n. 3 and related text.

## II.

The core premise of the court of appeal is: "[T]he State must produce evidence which establishes beyond a reasonable doubt that Appellant did *not act* in self-defense." *Saxton v. State,* 776 S.W.2d 685, 686 (Tex.App.—Houston [14th] 1989) (emphasis in original opinion).

The sole ground for review as amended in State's Brief is: "The Court of appeals erred in holding that the evidence was insufficient to support the conviction because the State did not *disprove* the appellant's testimony *regarding* self-defense." Brief at 1. Thus immediately at the threshold we have a pivotal question: whether the State has a burden to produce evidence proving beyond a reasonable doubt that appellant did not act in self-defense, to secure a conviction for murder.[4] Unless

the law under our former penal codes has been changed, the answer is also immediately found, ironically, in *Parkman v. State,* supra.

Article 46, P.C.1925 provided:

"When the facts have been proved which constitute the offense, it devolves upon the accused to establish the facts or circumstances on which he relies to excuse or justify the prohibited act or omission."

In *Parkman* an appellate ground asserted the jury should have been instructed "that the burden of proof was upon the State to prove that the appellant did not act in self-defense when he shot the deceased." Writing for the Court, Judge Davidson summarily disposed of that claim:

"... In other words, it is appellant's contention that when self-defense arises under the testimony in a homicide case, the burden of proof is upon the State to *disprove* that defense in order to secure a conviction. *Such is not the law. Dover v. State,* 102 Tex.Cr.R. 113, 277 S.W. 675 [1925]; *Briley v. State,* 138 Tex. Cr.R. 249, 135 S.W.2d 125 [1940]; Art. 46, P.C."

*Id.,* at 747.[5] Pursuant to former article 46 whenever the evidence raised the issue of self-defense, the proper manner of submitting it was to charge on the law and then apply it to the facts, correctly allocating burdens of evidence and of persuasion. See, e.g., "a most favorable charge for appellant" approved in *Johnson v. State,* 156 Tex.Cr.R. 534, 244 S.W.2d 235, at 237 (1951), copied in 4 Branch's (2d Ed.1956)

---

**4.** In dealing with matters of "burden of proof" one must realize, understand and compensate for the fact that "difficulties are sure to be encountered ... from the ambiguous phraseology and terminology employed." Ray, *Law of Evidence* § 41, 1 Texas Practice 48. Professor Ray notes:

"... It is now commonplace that the term 'burden of proof' is used in a double sense. It may mean either the burden of persuading the trier of fact or the burden of introducing evidence. Much confusion would be eliminated if these or similar terms were constant-

ly employed and the ambiguous word 'proof' entirely discarded."
*Ibid.* (And this writer adds "disprove," in lieu of "show.")

**5.** The *Briley* opinion, coincidentally, was written by Judge Krueger, the author of *Parker* and *Patton,* discussed *ante* at 911–912. Answering a contention that the state failed to show defendant did not kill deceased in self-defense, Judge Krueger said, "The state is not required to negative every possible defense. The evidence is certainly sufficient to allow the jury to come to

401, § 2087.[6]

The "new" penal code did not change the law of self-defense with respect to burdens of proof and of persuasion. Section 2.03 resolved problems of courts determining to which offenses a defense applies and the nature of the burden by designating and specifying them in the penal code. As the majority recognizes, justification through self-defense is a defense to prosecution. Opinion, at 912, n. 5.

Therefore, under § 2.03(c) if evidence is admitted supporting the existence of self-defense, the court should submit the issue to the jury; according to § 2.03(d) when the issue is submitted to the jury "the court shall charge that *a reasonable doubt on the issue requires that the defendant be acquitted."* The latter formulation allocates the respective burdens of the parties, *viz:*

"... In other words, the defendant has the *burden of producing evidence* to raise a defense, but the prosecution has the *final burden of persuasion to disprove it. Ramos v. State,* 478 S.W.2d 102 (Tex.Cr.App.1972)."

Practice Commentary to § 2.03. For one form of an application paragraph, see McCormick & Blackwell, Texas Criminal Forms and Trial Manual, 8 Texas Practice 321, § 86.07.[7] See also 1 Texas Annotated Penal Code (Branch's 3d Ed.1974) 346, § 9.32.

Thus governing statutes, precedential caselaw and prevailing practice demonstrate that the court of appeals did indeed err in opining that "the State must *produce* evidence which establishes beyond a reasonable doubt that Appellant did not act in self-defense." *Saxton,* supra, at 686. To that extent I agree with the majority opinion at 913.[8] Having found erroneous

the conclusion of a killing without excuse or justification." *Id.,* 135 S.W.2d at 127.

6. "If you believe from the evidence, *beyond a reasonable doubt,* that the defendant [shot and killed deceased], *but you further believe from the evidence* that [he met prescribed factual requisites], then you should acquit the defendant, OR, *if the jury should have a reasonable doubt* whether or not the defendant was acting in self-defense ..., you should give the defendant the benefit of the doubt and acquit him."

7. "Now, therefore, ... if you believe from the evidence *beyond a reasonable doubt* that the defendant then and there intentionally or knowingly caused the death of [deceased by prescribed manner and means], as alleged in the indictment; but you further *find from the evidence,* OR *have a reasonable doubt thereof,* that the defendant reasonably believed [prescribed factual requisites], you will acquit the defendant and say by your verdict 'not guilty.'"

8. Unlike the majority, however, I would not attribute that error to § 2.03(d), for reasons already given, nor to the opinions of this Court in *Luck* and *Van Guilder,* for reasons about to be stated.

As indicated *ante* in n. 4, at 912, in my view, one term conducing to wrong thinking about this problem is "to disprove." Because in common usage it means "to prove to be false," one may believe that "to disprove" is a shorthand rendition of "burden of proof" in the sense of "burden of producing evidence." See *Ray,* at 48, § 41. Indeed, the majority is under the impression that socalled "dicta in both *Luck* and

*Van Guilder* support such a proposition," opinion, at 914.

However, in context of a criminal action if applied to the prosecution such belief is incorrect, for whatever confusion exists over "burden of proof" there is no doubt whatsoever that the prosecution always has the "burden of persuasion," that is, the "burden of persuading or convincing the trier of fact [of guilt]." *Ray,* at 52, § 43, 48, § 42. Moreover, the generally accepted view is that once fixed the burden of persuasion never shifts. *Id.,* at 57–58, § 46.

Thus to say the prosecution must "disprove" a defense means no more than "rebut" or "show" in the sense of countering by argument or reasoning or, at its option if deemed advisable, evidence. *Ray,* at 48–49, § 48.

The Practice Commentary to § 2.03(d) identifies respective burdens more concisely, *viz:* "[T]he defendant has the *burden of producing evidence* to raise a defense, but the prosecution has the final *burden of persuasion to disprove it."*

Having just quoted the Practice Commentary and summarized the charge actually given in terms consonant with accepted practice, Judge Tom Davis continued: "Clearly, when the charge is viewed as a whole, it placed the burden on the State to SHOW beyond a reasonable doubt that appellant was not acting in self defense." 588 S.W.2d, at 375. That is not to say, in terms and effect, however, that the charge placed on the State, the "burden to produce evidence," the "burden of proceeding or going forward with the evidence" or the "burden of introducing evidence," etc. See *Ray,* at 54, § 44.

*Van Guilder,* at 181, merely restates the same understanding.

the core premise on which the reason for the decision of the court of appeals is based, we should simply vacate the judgment of the court and remand the cause to the court of appeals for reconsideration.