IN THE
TENTH COURT OF APPEALS
 

No. 10-99-356-CR

     BRADLEY E. PARSONS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 2
Johnson County, Texas
Trial Court # T199900197
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      In a bench trial before the County Court at Law #2 in Johnson County, Texas, Bradley E.
Parsons was convicted of the offense of Failure to Appear. He was fined $100. We reverse and
render the trial court’s judgment.
Applicable Law
      Parsons was charged with Failure to Appear. The essential elements of Failure to Appear are:
      1.   a person (requires proof of identity);
      2.   lawfully released from custody (with or without bail);
      3.   on condition that he subsequently appear;
      4.   intentionally or knowingly;
      5.   fails to appear in accordance with the terms of his release.
Tex. Pen. Code Ann. § 38.10(a) (Vernon 1994). The Texas Penal Code provides a defense to
prosecution for this offense if the defendant “had a reasonable excuse for his failure to appear.” 
Id. at § 38.10(c).
      By finding a defendant guilty, the trier of fact implicitly rejects a “reasonable excuse”
defense. See Adelman v. State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992); Liggins v. State,
979 S.W.2d 56, 61 (Tex. App.—Waco 1998, pet. ref’d). In resolving the legal sufficiency of the
evidence, the appellate court does not look to whether the State presented evidence which refuted
the defendant’s defense testimony. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App.
1991). Rather the appellate court determines whether, after viewing all the evidence in the light
most favorable to the implicit rejection of the defense, any rational trier of fact would have found
the essential elements of the offense beyond a reasonable doubt. Adelman, 828 S.W.2d at 421;
Liggins, 979 S.W.2d at 61.
The Issue--Sufficiency of the Evidence
      In the eighth of ten issues, Parsons contends that the trial court erred when it did not consider
the reasonable excuse defense he presented at trial. Because we do not review the defensive theory
independent of the proof of the elements of the offense, we interpret this issue as a request for a
sufficiency of the evidence review. Because he requests his conviction to be overturned, we will
limit our review to a review of the legal sufficiency of the evidence.
Facts
      At a bench trial before the County Court at Law #2, the State presented evidence that Parsons
was scheduled to appear in municipal court on March 30, 1998, at 6:00 p.m. Parsons had a
speeding ticket and had requested a jury trial. The jury panel was present, but Parsons did not
appear until 6:15 p.m. or 6:20 p.m. Before he appeared, the jury panel was dismissed, and the
judge issued a warrant at approximately the same time. When Parsons appeared shortly thereafter,
he was served with the warrant and arrested. Steven A. Johnson, the chief of police of Rio Vista,
Texas, signed the Failure to Appear complaint on March 30, 1998. The trial court allowed the
record to reflect that its file contained the complaint signed by Chief Johnson.
       Parsons presented evidence that he had trouble starting his car, that the weather was stormy,
and that the traffic was heavier than usual on the night he needed to be in court. Parsons and his
wife testified that he ultimately was only 7 minutes late for court. Acquaintances, Daniel
Schinzing and Larry Elwell, testified that by the time they individually arrived, that being 6:18
p.m. to 6:22 p.m., Parsons had already been arrested and taken away.
Application
      Reviewing all the evidence in the light most favorable to the implicit rejection of the defense,
there is no evidence that Parsons was lawfully released from custody, with or without bail, on
condition that he subsequently appear. The proof of these elements of the offense is most
frequently accomplished by introducing the citation in the underlying offense, in this case a
speeding citation, signed by the defendant, wherein the defendant promises to appear. Of course,
this is not the only way to prove that the defendant was lawfully released from custody on
condition that he would appear. The State wholly failed to prove at least these two elements of
the offense. Thus, any rational trier of fact would not have found the essential elements of the
offense beyond a reasonable doubt. The evidence is legally insufficient to support the verdict. 
Parsons’s eighth issue is sustained. Because this issue disposes of the case in its entirety, we need
not address Parsons’s other issues. 
Conclusion
      We reverse the trial court’s judgment and render a judgment of acquittal. 
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and rendered
Opinion delivered and filed August 1, 2001
Do not publish