Affirmed and Memorandum Opinion filed August 23, 2005









Affirmed
and Memorandum Opinion filed August 23, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00532-CR

____________

 

ANTHONY
LEE ANDERSON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 978,550

_____________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant of
murder and the trial court sentenced him to twenty years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  In eight issues, appellant
contends the evidence is legally and factually insufficient to support his
conviction, either as a principal or as a party, and is legally and factually
insufficient to support the jury=s
implicit rejection of his claims of self-defense and defense-of-a-third
person.  We affirm.

 








Factual Background

On May 2, 2003, appellant and his
brother, Tavan Deshawn-Albert Anderson, and two other men were in Tavan=s car, a
gray Caprice, driving down the street where the complainant, Eric Banks, and
his family lived.  Tavan was driving, and
appellant was sitting in the passenger seat directly behind him.  They drove to the end of the street, and
Tavan got out of the car to talk to someone briefly.  Tavan then got back in his car, and the group
drove back up the street, toward the Banks= house,
where Eric and Anthony Banks were Ahanging
out@ with
friends and family in the front yard. 
The people at the Banks= house
noticed the Caprice, because Tavan previously had driven the car across the
Banks= front
yard, and when Anthony Banks confronted him about it, Tavan and appellant had
gotten into a fistfight with Anthony and his cousin.

This encounter between the Banks
and appellant ended differently from the earlier one, although testimony at
trial differed regarding what happened next. 
The State presented eight witnesses who were in the Banks= yard at
the time.  They testified that the
Caprice slowed as it approached the Banks= house,
and then shots were fired from the car. 
One witness, Rashard Renfroe, testified that he, Anthony Banks, Eric
Banks, and Jarvis Banks invited the Caprice=s
occupants to a fistfight just before the shooting began.  Other witnesses testified that no one said
anything to the Caprice=s
occupants.  Some saw shots fired from the
driver=s seat,
others saw shots fired from the passenger seat, or both.  Accounts of how many shots were fired also
varied, as did whether the car=s doors
were opened or its windows were rolled down during the shooting.  The State=s
witnesses testified that they had no guns, knives, or other kinds of
weapons.  When the shooting ceased, the
Caprice and its occupants drove away. 
Anthony Banks had been shot five times, Eric was shot twice, and a
bullet was found in a car that was parked at the Banks=
house.  Anthony survived, but Eric was
mortally wounded.[1]








Appellant and another of the
Caprice=s
occupants, Alton Franklin, described the fatal encounter much differently.  Both testified that, as they drove back up
the street, several of the people in the Banks= yard
approached the car, preventing it from moving forward, and exchanged words with
them.  Appellant testified that Anthony
Banks, Eric Banks, and another person approached the driver=s side of
the Caprice, while Rashard stood in front of the car and kicked in its
grill.  Tavan had his driver=s seat
leaned far back, making it appear that he was sitting in the rear passenger=s
seat.  The group threatened Tavan, and
tried to unlock and open the car doors on the driver=s side.  When Anthony could not open the driver=s side
door, he pulled out a revolver and stuck it through the window, pointing it at
Tavan=s
head.  In fear for both his life and
Tavan=s,
appellant grabbed the gun.  According to
appellant, Anthony was surprised by this because he had not seen appellant in
the back seat.  Appellant wrestled the
gun from Anthony, stuck it out the window, turned his head away, and shot it
until all its bullets had been firedCat least
four times.  He dropped the gun out the
window and, as they drove away, told Tavan, AI think I
hit someone.@

Appellant and Tavan were tried
together.  The jury found Tavan not
guilty, but it found appellant guilty of murder.  This appeal followed.

Analysis of Appellant=s Issues

In his first four issues,
appellant contends the evidence is legally and factually insufficient to
support his conviction for murder as either a principal or a party, because
there is no evidence that he caused the complainant=s death.  In his fifth and sixth issues, appellant
contends the evidence is legally and factually insufficient to support his
conviction for murder because the State never rebutted his assertion of
self-defense beyond a reasonable doubt. 
In his seventh and eighth issues, appellant contends the evidence is
legally and factually insufficient to support his conviction for murder because
the State never rebutted his assertion of defense-of-a-third person beyond a
reasonable doubt.  We first consider
appellant=s issues concerning his
conviction, and then address his issues concerning self-defense and defense of
another.








A.        The Evidence is Legally and Factually
Sufficient to Convict Appellant of Murder as a Principal.

Appellant was charged with the
murder of Eric Banks, by shooting him with a firearm, on May 2, 2003.  The jury charge authorized the jury to find
appellant guilty either as a principal or by applying the law of parties.  In his first four issues, appellant contends
the evidence is legally and factually insufficient to support his conviction as
either a principal or a party because there is no evidence that he caused Banks=s
death.  We hold, however, that the
evidence is both legally and factually sufficient to support appellant=s
conviction as a principal; therefore, we need not determine whether it is
sufficient to convict him as a party.

1.         Standards
of review

We utilize familiar standards of
review for appellant=s legal
and factual sufficiency challenges.  In
deciding appellant=s legal
sufficiency challenges, we review all of the evidence in the light most
favorable to the jury=s verdict
to determine if any rational fact finder could have found all of the essential
elements beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In deciding appellant=s factual
sufficiency challenges, we view all of the evidence in a neutral light, without
the Amost‑favorable‑to‑the‑verdict@
prism.  See Zuniga v. State, 144
S.W.3d 477, 482 (Tex. 2004).  The
evidence is factually insufficient if a jury would not be rationally justified
in finding guilt beyond a reasonable doubt. 
Id. at 484.  The evidence
may be factually insufficient in two ways. 
Id.  First, the evidence
that supports appellant=s guilty
verdict may be so weak that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.  Second, weighing both the evidence that
supports the verdict and the evidence contrary to the verdict, the contrary
evidence may be so strong that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.
at 484B85.  We give due deference to the jury=s
determinations, particularly those concerning the weight of the evidence and
the credibility of witness testimony. 
See Johnson v. State, 23 S.W.3d 1, 8B9 (Tex.
Crim. App. 2000) (en banc). 

 








2.         Application to the facts

To obtain a conviction for murder
in this case, the State was required to prove beyond a reasonable doubt that
appellant (1) intentionally or knowingly caused the death of Eric Banks, or (2)
intended to cause serious bodily injury and committed an act clearly dangerous
to human life that caused the death of Eric Banks.  See Tex.
Pen. Code ' 19.02(b)(1), (2).  Appellant contends that many of the
eyewitnesses could not identify appellant as the person shooting.  In addition, Anthony Banks positively
testified that appellant shot him, not Eric, and that Tavan shot Eric.  Thus, appellant contends, the evidence is
legally and factually insufficient to support his conviction for murder as a
principal.  

However, during appellant=s
testimony, he admitted that he shot Eric Banks. 
When asked if he bore any responsibility for what happened despite his
claim of self-defense, appellant answered affirmatively, explaining that: ABy me --
I believe by me taking the man=s life,
you know, is -- is hurting me inside personally, because I know him.  I knew of Eric.  I had no problem with Eric.  Eric reminded me of myself.  Eric was always smiling like myself.@  In addition, both appellant and Franklin
testified that after the shooting appellant told Tavan, AI think I
hit one.@  Franklin also testified that appellant
laughed as he said it and Tavan appeared surprised, implying that Tavan did not
shoot anyone.  At least one other eyewitness,
Jarvis Cox, testified he saw appellant shoot Eric.  This evidence is legally sufficient to
support appellant=s
conviction as a principal for murder.








Appellant contends that the
evidence is factually insufficient primarily because Anthony Banks testified
that appellant shot him, not Eric. 
Appellant also asserts that Anthony=s
testimony is consistent with appellant=s testimony
that he grabbed a gun from Anthony and then shot in self-defense.  However, the jury is the sole judge of the
witnesses= credibility and the strength of
the evidence, and therefore was free to believe some, all, or none of the
testimony and evidence presented at trial. 
See Johnson, 23 S.W.3d at 7B9;
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  Thus, the jury could have resolved this issue
against appellant.  In addition, the jury
had other evidence before it to support appellant=s guilt
as a principal.  Although he could not
identify the individuals, another eyewitness, Marcus Martin, testified that the
person shooting was not the Caprice=s driver
but was instead the passenger in the back seat behind the driver.  It is undisputed that appellant was seated
there.  Catherine Banks identified
appellant as the back seat passenger whom she saw fire a gun.  Another eyewitness, Joshua Banks, testified
that the driver=s side
passenger door opened and the passenger stuck his arm out and started
shooting.  Joshua Banks also identified
appellant as the person who shot Eric and Anthony Banks. 

Reviewing the evidence in its
entirety, we cannot say that the evidence that appellant caused Eric Banks=s death
is so weak, or that the contrary evidence is so strong, that the beyond‑a‑reasonable‑doubt
standard could not have been met. 
Therefore, we hold the evidence factually sufficient to support his
conviction for murder as a principal.  

We overrule appellant=s first
and second issues.  Because we find that
the evidence is legally and factually sufficient to support appellant=s
conviction as a principal, we do not reach appellant=s third
and fourth issues, in which he contends the evidence is legally and factually
insufficient to convict him of murder as a party.  

B.        The Evidence is Legally and Factually
Sufficient to Support the Jury=s Implicit Rejection of
Appellant=s Self-Defense and
Defense-of-a-Third-Person Claims.

In his fifth and sixth issues,
appellant contends the evidence is legally and factually insufficient to
support his conviction for murder when the State never rebutted his assertion
of self-defense beyond a reasonable doubt. 
In his seventh and eighth issues, appellant contends the evidence is
legally and factually insufficient to support his conviction for murder when
the State never rebutted beyond a reasonable doubt his assertion of
defense-of-a-third person.  We address
appellant=s self-defense sufficiency issues
and appellant=s defense-of-a-third person
sufficiency issues in turn.

 








1.         Standards
of review and applicable law

At trial, appellant raised the
defenses of self-defense and defense-of-a-third person, and the jury charge
contained instructions on them.  See
Tex. Pen. Code '' 9.31
(Self-Defense), 9.33 (Defense of Third Person); see also Tex. Pen. Code ' 9.02 (AIt is a
defense to prosecution that the conduct in question is justified under this
chapter.@).  A criminal defendant bears the burden of
production with defenses, requiring him to raise evidence that would support
the defense before he is entitled to it. 
Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).  However, once raised, the State bears the
burden of persuasion to disprove the defense. Id.  The burden of persuasion is not one that
requires the production of evidence; rather, it requires only that the State
prove its case beyond a reasonable doubt. 
Id.  The defense is a fact
issue to be determined by the jury, which is free to accept or reject it.  Saxton v. State, 804 S.W.2d 910, 913B14 (Tex.
Crim. App. 1991) (en banc).  When a jury
finds the defendant guilty, there is an implicit finding against the defensive
theory.  Zuliani, 97 S.W.3d at
594; Saxton, 804 S.W.2d at 914.

Evidence is legally sufficient to
support the jury=s
rejection of an accused=s
defensive theory if, after viewing all the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential
elements of murder beyond a reasonable doubt and also could have found against
appellant on the self‑defense issue beyond a reasonable doubt.  Saxon, 804 S.W.2d at 914.  Evidence is factually sufficient to support
the rejection of the defensive issue if, after reviewing the evidence in a
neutral light, the State=s
evidence taken alone is not too weak to support the rejection and the proof of
guilt, although adequate if taken alone, is not against the great weight and
preponderance of the evidence.  Zuliani,
97 S.W.3d at 595.

2.         Application
to appellant=s
self-defense claim








The Texas Penal Code provides
that a person is justified in using force against another when and to the
degree he reasonably believes the force is immediately necessary to protect
himself against the other=s use or
attempted use of unlawful force.  Tex. Penal Code '
9.31(a).  A person is justified in using
deadly force against another (1) if he would be justified in using force
against the other under section 9.31, (2) if a reasonable person in the actor=s
situation would not have retreated, and (3) when and to the degree he
reasonably believes the deadly force is immediately necessary either to protect
himself against the other=s use or
attempted use of unlawful deadly force, or to prevent the other=s
imminent commission of aggravated kidnapping, murder, sexual assault,
aggravated sexual assault, robbery, or aggravated robbery.  Id. '
9.32(a).  ADeadly
force@ is
defined as Aforce that is intended or known
by the actor to cause, or in the manner of its use or intended use is capable
of causing, death or serious bodily injury.@  Tex.
Penal Code ' 9.01(3).

Appellant contends that his
testimony established self-defense and further challenges the legal and factual
sufficiency of the evidence the State introduced to rebut this defense.
However, as noted above, the State=s burden
is one of persuasion, not production of evidence. See Zuliani, 97 S.W.3d
at 594.  The State is only required to
prove its case beyond a reasonable doubt. 
Id.  Appellant admitted
killing Eric, but asserts that when Anthony Banks thrust a pistol inside the
vehicle, apparently attempting to shoot appellant=s
brother, Tavan, he feared that deadly force was about to be used against him as
well.  Appellant also contends that he
could not have reasonably retreated because he was inside a car surrounded on
all sides by a hostile crowd. 








Appellant=s
testimony was the only evidence that anyone approached the car with a gun and
endangered Tavan=s
life.  The witnesses denied having any
weapons of any kind, and Franklin, who was in the car with appellant, saw no
weapons.[2]  The jury could have found appellant=s
testimony not credible.  See Johnson,
23 S.W.3d at 8B9; Fuentes, 991 S.W.2d at
271.  Even if the jury believed appellant=s
testimony, it never raised evidence suggesting that deadly force was necessary
to protect appellant from Eric=s (as
opposed to Anthony=s) use or
attempted use of unlawful deadly force. 
Moreover, appellant testified that he took Anthony=s gun
away from him before shooting it blindly out the window.  A rational fact finder could have found that
any danger had been removed when appellant disarmed his attacker and,
therefore, deadly force was not immediately necessary and thus not
justified.  See Tex. Pen. Code '
9.32(a)(3).

Viewing the evidence in the light
most favorable to the prosecution, we find that a rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt and
also could have found against appellant on self-defense beyond a reasonable
doubt.  See Saxton, 804
S.W.2d at 914.  And, giving due deference
to the jury=s assessment of the witnesses=
credibility and resolution of evidentiary conflicts, we find that, after
reviewing the evidence in a neutral light, the State=s
evidence is not too weak to support the rejection of the defense, and the proof
of guilt is not against the great weight and preponderance of the
evidence.  See Zuliani, 97 S.W.3d
at 595.  Therefore, we conclude the
evidence is legally and factually sufficient to support appellant=s
conviction.  We overrule appellant=s fifth
and sixth issues. 

3.         Application
to appellant=s
defense-of-a-third person claim

We now turn to appellant=s
defense-of-a-third person claim.  A
person is justified in using force or deadly force against another to protect a
third person if: (1) under the circumstances as the actor reasonably believes
them to be, the actor would be justified under sections 9.31 or 9.32 in using
force or deadly force to protect himself against the unlawful force or unlawful
deadly force he reasonably believes to be threatening the third person he seeks
to protect; and (2) the actor reasonably believes that his intervention is
immediately necessary to protect the third person.  Tex.
Pen. Code '
9.33.  Appellant contends the State
failed to rebut his testimony that the crowd was threatening his brother,
Tavan, and, when appellant saw Anthony thrust a pistol through the car window,
he acted out of fear that Tavan=s life
was in immediate danger.  








However, engaging in the same
analysis discussed above, we find that the evidence is both legally and
factually sufficient to support the jury=s
implicit rejection of appellant=s claim
of defense-of-a-third person.  No
evidence suggests that Eric, the person appellant was charged with killing, was
threatening Tavan with imminent serious bodily injury or death.  Only appellant testified that Tavan was being
threatened and even he did not point to Eric as the one pointing the gun at
Tavan.  The jury could have concluded
that appellant=s action was not immediately
necessary for protection.  Therefore, we
overrule appellant=s seventh
and eighth issues.

Conclusion

Having overruled appellant=s
challenges to the legal and factual sufficiency of the evidence supporting his
conviction and his challenge to the jury=s
implicit rejection of his defenses of self-defense and defense-of-a-third
person, we affirm the trial court=s
judgment. 

 

/s/                    Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed August 23, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Dr. Analisa
Lopez, an assistant medical examiner at the Harris County Medical Examiner=s office, testified that Eric Banks was shot once in
the left chest and once in the left thigh; both wounds were fatal. 





[2]  Franklin
testified he sat in the back seat of the car next to appellant, but appellant
testified Franklin was sitting in the front passenger seat, and that is why he
did not see Anthony put his hand in the car window.