# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2015

Lyle W. Cayce

Clerk

No. 14-11263
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNATHAN RAY HALL, also known as Jonathan Ray Hall,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-25-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Johnathan Ray Hall pleaded guilty to possession of a firearm by a felon and was sentenced to a prison term of 46 months.  Hall argues that the district court improperly enhanced his sentence under U.S.S.G. § 2K2.1(b)(6) and imposed a substantively unreasonable sentence.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  Section 2K2.1(b)(6)(B) of the Guidelines provides for a four-level enhancement when the Government shows by a preponderance of the evidence that a defendant's possession of a firearm "facilitated, or had the potential of facilitating another felony offense and that the defendant used or possessed the firearm in connection with that offense."  *Id.* (internal quotation marks and citation omitted).  "The district court's determination of the relationship between the firearm and another offense is a factual finding," which will not be deemed clearly erroneous if it is plausible in light of the record as a whole.  *Id.*

The district court found that Hall committed the offense of aggravated assault when he discharged a loaded firearm and then pointed it at a couple whom Hall deemed dangerous, despite Hall's argument that he acted with justification and in self-defense.  Hall contends that the district court erred because the Government failed to negate his justification defense.  He also objects to the district court's failure to explicitly find that the Government had carried its burden and to the district court's reliance upon the presentence report (PSR) and Addendum.

Justification is a defense to aggravated assault in Texas.  TEX. PENAL CODE ANN. § 9.02.  If the defendant presents evidence supporting a justification defense, the state must prove beyond a reasonable doubt that the defendant's actions were not justified.  *See Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991).  Though the law may not require a person to retreat before using non-deadly force, "[t]he amount of force used must be in proportion to the force encountered."  *See Tidmore v. State*, 976 S.W.2d 724, 728 (Tex. App. 1998).  As the Government argued, Hall's conduct in firing three shots and then pointing the gun at a woman was disproportionate and unreasonable.  *See, e.g., Kelley v. State*, 968 S.W.2d 395, 399-401 (Tex. App. 1998).  All the couple did to

No. 14-11263

"provoke" this response was to jog down the street, with one wearing a mask decorated to look like a skeleton. The couple did not display any weapon or threaten Hall. Accordingly, the district court did not clearly err in applying the enhancement.

Hall's challenges to the district court's failure to explicitly rule upon his claim to self-defense and to the court's reliance upon the PSR and Addendum were not properly preserved, as Hall neither asked the district court to make more specific factual findings nor objected to its adoption of the PSR and Addendum. Had he done so, the district court could have "clarif[ied] its reasoning or correct[ed] any potential errors in its understanding of the law at sentencing." *United States v. Hernandez-Martinez*, 485 F.3d 270, 272 (5th Cir. 2007). Accordingly, these arguments are subject to plain error review. *See United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014). To establish plain error, Hall must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but may do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* Assuming that the district court erred, Hall cannot establish that his substantial rights were affected because the Government adequately refuted his claim to self-defense.

Hall further argues that the district court abused its discretion when it denied his motion for a downward departure or variance because he feared imminent injury to himself or his family and, consequently, the sentence imposed is substantively unreasonable. We lack jurisdiction to review the denial of the downward departure because nothing in the record suggests that the district court believed that it lacked authority to depart. *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). As for the court's refusal to exercise

No. 14-11263

its *Booker* discretion to vary downward, Hall has not established that the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). It considered Hall's sentencing arguments, the evidence, and the 18 U.S.C. § 3553(a) factors before determining that a sentence at the low end of the Guidelines was appropriate. A sentence that falls within a properly calculated guidelines range is entitled to a presumption of reasonableness, which Hall has failed to rebut. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.