

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00007-CR
_____

DONALD ANTHONY GIBSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2022F00113

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A Cass County jury convicted Donald Anthony Gibson, Jr., of aggravated assault causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (Supp.). After Gibson pled true to the State's punishment-enhancement allegation, the jury assessed a sentence of fifteen years' imprisonment. On appeal, Gibson challenges the jury's rejection of his self-defense theory and raises a claim of ineffective assistance of counsel, but both issues are inadequately briefed.

In his first point of error, Gibson argues that the evidence was insufficient to support the jury's rejection of his self-defense theory. The entirety of Gibson's analysis on this point is as follows: "The [S]tate failed to meet its burden of proof on each of these elements necessary to sustain the conviction in the instant case in light of the overwhelming evidence of self-defense. The evidence was therefore insufficient for the conviction to stand." In response, the State argues that Gibson's brief was inadequate because it was "conclusory" and "contained no factual argument about either the sufficiency of the evidence or the factual support for self-defense." We agree.

On appeal, Gibson needed to do more than assert that there was evidence of self-defense. He needed to show that no rational jury could have rejected his theory of self-defense. *See Braughton v. State*, 569 S.W.3d 592, 609 (Tex. Crim. App. 2018) ("[W]e determine whether after viewing all the evidence in the light most favorable to the [jury's verdict], any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt." (third alteration in original) (quoting *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App.

1991))). This is a fact-sensitive inquiry that often turns on the timing of events. *See id.* at 611.[1]

Further, when a case turns on credibility determinations, the jury's verdict stands. *Id.* ("[T]his case in every respect comes down to the jury's assessment of the credibility of the witnesses and evidence, and therefore, we must defer to the jury's verdict in this case.").

Gibson cited self-defense cases in his brief that highlighted the need to examine the facts here through the lens of the standard of review; however, he failed to provide that analysis in the brief. For example, Gibson cited *Luna* as a case which "favored self-defense," but *Luna*'s self-defense section dealt with the question of whether a jury should be provided a self-defense instruction, not whether the verdict of a jury which had been instructed on self-defense (like the jury here) should be overturned. *Luna v. State*, 687 S.W.3d 79, 109 (Tex. App.—Eastland 2024, pet. ref'd). When examining whether a self-defense instruction should be given, the evidence is viewed in the light most favorable to the defendant making the request. *Id.* ("[a]ccording to Appellant's version of events—which is what we must consider in making this determination"). This is not so when the question is whether the verdict of a jury that has been given a self-defense instruction should be overturned. That standard is as provided by *Braughton*, as can be seen in *Borton*, another case Gibson cited (though for reasons other than the standard of review). *See Borton v. State*, 683 S.W.3d 459, 466 (Tex. App.—San Antonio 2023, no pet.) ("Borton argues that the evidence supports his theory of self-defense. However, his argument could not succeed if the jury disbelieved his testimony.")

---

[1]The Texas Court of Criminal appeals observed in *Braughton* that, "by the time of the shooting," the assault on which a claim of self-defense was based had "ceased," and "was not of such a nature that it would give rise to a reasonable belief regarding the necessity of deadly force."

More needed to be said than "[t]he [S]tate failed to meet its burden of proof on each of these elements necessary to sustain the conviction in the instant case in light of the overwhelming evidence of self-defense. The evidence was therefore insufficient for the conviction to stand."

"To avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must contain 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Taylor v. State*, 558 S.W.3d 215, 218 (Tex. App.—Texarkana 2018, no pet.) (citing TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011)). "To avoid forfeiture, a party must provide substantive analysis by applying the law to the facts." *Id.* "Because the Texas Court of Criminal Appeals has emphasized that an appellate court has no obligation to construct and compose issues, facts, and arguments for an appellant, encompassed within Rule 38.1 is the party's task of explaining or discussing why an argument has substance." *Id.* (citing *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017); *Lucio*, 351 S.W.3d at 896–97).

"A brief that fails to apply the law to the facts does not comply with Rule 38.1 and presents nothing for review." *Id.* (citing *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003)).

By his second point of error, Gibson complains about his appointed attorney at trial, who was also appointed to represent Gibson on appeal. By separate point, Gibson states in his appellate brief that, while his counsel's appointment on appeal was not error, "the issue of ineffective assistance is briefed below." Yet, a review of Gibson's brief shows that his counsel

did not raise any claim of ineffective assistance against himself. As a result, there is nothing for us to address and, to the extent any cognizable point of error can be discerned by this briefing, it is overruled. *See* TEX. R. APP. P. 38.1.

We overrule Gibson's complaints on appeal for lack of adequate briefing. As a result, we affirm the trial court's judgment.[2]

Charles van Cleef
Justice

Date Submitted:     October 9, 2024
Date Decided:       October 28, 2024

Do Not Publish

---

[2]We also note that the prayer "must contain a short conclusion that clearly states the nature of the relief sought." TEX. R. APP. P. 38.1(j). Gibson's prayer "respectfully requests this court reverse the decision of the trial court to deny the suppression of statements made after his assertion of his right to end the custodial interrogation." Gibson did not file a motion to suppress in this case.