TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00729-CR






Teddy Mac Jones, Appellant


v.


The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY

NO. 2C02-04553, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Following a bench trial, appellant Teddy Mac Jones was convicted of assault with
bodily injury on a family member. See Tex. Pen. Code Ann. § 22.01 (West 2003). He contends the
evidence is insufficient to support his conviction and to disprove his claim of self-defense. We will
affirm the conviction.


FACTUAL BACKGROUND

 Bell County Sheriff's Deputy Ingram testified that on the afternoon of May 26, 2002,
he responded to the home appellant shared with his wife, the complainant. The complainant told
Ingram that she and appellant had argued and wrestled for the phone, that "her hand may have
slipped and she may have hit him in the head" while they fought for the phone, and that appellant
had slapped her and grabbed her by the cheeks, shaking her head around. Ingram said there were red
marks on one of her cheeks and one of her ears, her finger was swollen, and she was upset and
crying. Ingram tried to talk to appellant, who was uncooperative. Ingram did not see any visible
injuries on appellant, but he did not check appellant's head for injuries. 

 Deputy Sheriff Moose, another officer at the scene, testified that appellant told him
that he had hit the complainant, but only in self-defense after she struck him first. Moose did not
see any injuries on appellant, nor did appellant complain or point out where he had been hit. Moose
testified that appellant did not tell him that the complainant had struck him with the phone, otherwise
injured him in the face or head, or kicked him in the groin. Although Moose said appellant had
stated he had been struck first, Moose also testified that appellant did not "indicate anything . . . that
would mean that [the complainant] had assaulted him in any way." The complainant told Moose that
she and appellant argued, she tried to call 911, and he tried to take the phone from her. During the
struggle, her hand slipped and "she might have hit him on the top of the head." Moose said the
complainant was very upset, her finger was swollen from when appellant pulled the phone away, she
had red marks on her cheek "indicative of something slapping across the face," and she had red
finger marks around her jaw that she said were caused by appellant "grabbing her by the jaw and
shaking her head around." 

 The complainant testified that on May 26, she and appellant started arguing and "[h]is
temper just exploded." Appellant started yelling at the complainant and "got up in my face, just
literally nose to nose, yelling as loud as he could." The complainant told appellant that perhaps they
should consider divorce, and he replied, "I'll put you down so far that nobody ever finds you before
I ever let you take my son from me." The argument progressed, and appellant twice grabbed her face
and squeezed it with his hand, shaking it slightly and saying he would slap her if she did not stop
talking. The complainant moved away from appellant and picked up the phone to call 911. 
Appellant pulled the phone off the wall, and as they struggled for the phone, appellant "was thumped
on his head with the phone receiver. The next thing I knew, . . . I was hit across the face, you know,
and my ear." The complainant heard a loud pop in her ear when appellant slapped her. She found
another phone and, after another struggle with appellant, spoke to a 911 dispatcher. Asked about
appellant being hit on the head with the phone, the complainant said, "I don't think it was a hit. It
was more of a thump because of the struggle that was happening. You know, my arm was up
overhead, and so it was just part of the struggle." She denied using the phone as a weapon or striking
appellant intentionally. The complainant said she did not seek medical care because she was
embarrassed about being assaulted by her husband. The complainant denied that she had ever
assaulted, kicked, or pushed appellant in the past.

 Appellant testified that the complainant started yelling at him and calling him names
and told him she was going to have him arrested. She picked up the phone, and he asked her not to
call the police, reaching up and pulling the phone off the wall, disconnecting it. She then "came
toward me with the receiver in her hand, and she hauled off and hit me right across the side of my
face." Appellant testified that he then "tapped her on her cheek with the back of my hand," using
"the least amount of force necessary to end the conflict." According to appellant, the complainant
then attacked him, kicking him in the groin and slapping, hitting, and choking him. Appellant
grabbed her chin with his hand to try to hold her off, and she pulled away, grabbed a second phone,
and started throwing ceramic coasters at him. Appellant said he told Deputy Moose his version of
the events, including that he had been hit in the head, but neither deputy looked to see if he was
injured. Appellant said the complainant had attacked him before, pushing him and injuring his arm.


DISCUSSION

 A defendant raising the issue of self-defense has the burden of producing evidence
to support the defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (citing Saxton
v. State, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991)). The State then has the burden of persuasion
to rebut the defense; the State does not have a burden of production of evidence. Id. A guilty verdict
implicitly rejects a defendant's theory of self-defense. Id.; Saxton, 804 S.W.2d at 914. In evaluating
the legal sufficiency of the evidence when a defendant claims self-defense, we view the evidence in
the light most favorable to the prosecution and ask whether a rational trier of fact could have found
beyond a reasonable doubt (1) the essential elements of the offense and (2) against the claim of self-defense. Saxton, 804 S.W.2d at 914. In reviewing the factual sufficiency of the evidence, we view
all of the evidence in a neutral light and ask (1) whether the State's evidence, taken alone, is too
weak to support the verdict and implicit rejection of a claim of self-defense, and (2) whether the
evidence of guilt, although sufficient if taken alone, is against the great weight and preponderance
of the evidence. Zuliani, 97 S.W.3d at 595. The trier of fact is the sole judge of the weight and
credibility to be given a witness's testimony, Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000), and it is within the fact finder's province to accept or reject defensive evidence. Saxton, 804
S.W.2d at 914. The same standards of review are applied to verdicts reached following bench trials
and jury verdicts. Collins v. State, 901 S.W.2d 503, 505 (Tex. App.--Waco 1994, pet. ref'd).

 Here, there was conflicting evidence given by appellant and the complainant; the
testimony given by the responding deputies largely confirmed the complainant's version of the
events, not appellant's. Appellant points to inconsistencies between the complainant's testimony
and that of a defensive witness regarding whether she attempted to get appellant's bail revoked by
making a false report that he intended to flee to Mexico. However, it was for the trial court, as trier
of fact, to evaluate the credibility of the witnesses and resolve conflicts in the evidence. Johnson,
23 S.W.3d at 7; Saxton, 804 S.W.2d at 914. 

 Further, the complainant testified that she did not intentionally strike appellant with
the telephone receiver but that he might have been "thumped" with it as he struggled with her and
raised her hands above her head to take it away. She also testified that he initiated the incident,
threatening her and squeezing her face hard enough to leave marks and cause pain. When she picked
up the phone to call 911, appellant pulled it off the wall and struggled to take it from her, slapping
her hard after the phone struck him in the head. Appellant is not entitled to claim self-defense if he
initiated and escalated the confrontation. See Tex. Pen. Code Ann. § 9.31(b)(4) (West 2003)
(defendant may not claim self-defense if he provoked another's use of unlawful force unless he
abandons or attempts to abandon encounter and other person still attempts to use force against him);
Smith v. State, 965 S.W.2d 509, 512-13 (Tex. Crim. App. 1998) (defendant may not claim self-defense if he provokes attack seeking excuse to injure other party).

 Appellant raised some evidence on the issue of self-defense, and the State then bore
the burden of persuading the trial court that appellant had not acted in self defense; the State was not
obligated to produce evidence disproving appellant's claim. Zuliani, 97 S.W.3d at 594. We will not
second-guess the trial court's determination of witness credibility or its resolution of evidentiary
conflicts. Johnson, 23 S.W.3d at 7; Saxton, 804 S.W.2d at 914. We hold that the State's evidence,
both viewed in the light most favorable to the trial court's judgment and viewed neutrally, is
sufficient to support findings that (1) appellant assaulted the complainant, and (2) appellant did not
act in self-defense. We overrule appellant's sole issue on appeal and affirm the trial court's
judgment.



 ___________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 24, 2003

Do Not Publish