Affirmed and Memorandum Opinion filed February 19, 2004









Affirmed and Memorandum Opinion filed February 19, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00206-CR

_______________

 

PAUL ANTHONY HORTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On
Appeal from the 337th District Court

Harris County, Texas

Trial
Court Cause No. 916,697

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 

Paul
Anthony Horton appeals a conviction for aggravated assault with a deadly weapon[1]
on the grounds that: (1) the evidence was legally insufficient to support his
conviction; and (2) he was denied effective assistance of counsel.  We affirm.








Legal
Sufficiency

Appellant=s first point of error contends that
the evidence was legally insufficient to support his conviction for aggravated
assault because the State failed to rebut his claim of self-defense beyond a
reasonable doubt.  In particular,
appellant asserts that inconsistencies in the testimony of the State=s witnesses render the evidence
supporting his conviction insufficient in light of his self-defense evidence
that he only shot the complainant after complainant attacked and tried to rob
him. 

In
reviewing legal sufficiency, we view all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19
(1979); Sells v. State, 121 S.W.3d 748, 753-54 (Tex. Crim. App.
2003).  Where a defendant asserts a claim
of self‑defense, the State is not required to affirmatively produce
evidence to refute that claim, but only to prove its case beyond a reasonable
doubt.  See Zuliani v. State, 97
S.W.3d 589, 594 (Tex. Crim. App. 2003); Saxton v. State, 804 S.W.2d 910,
913-14 (Tex. Crim. App. 1991).

As
relevant to this case, an aggravated assault occurs when one intentionally
causes injury to another by using a deadly weapon such as a firearm.  Tex.
Pen. Code Ann. '' 22.01(a)(1); 22.02(a)(2) (Vernon Supp. 2004).  A person is justified in using deadly force
against another in self‑defense if, among other things, he reasonably
believes the force is immediately necessary to protect himself against the
other=s use or attempted use of unlawful
deadly force, and a reasonable person in the actor=s situation would not have retreated.  Tex.
Pen. Code Ann. '' 9.31(a), 9.32(a) (Vernon 2003).








In
this case, it is undisputed that appellant shot the complainant.  Although appellant claims that he did so in
self-defense after the complainant attacked and tried to rob him, the
complainant and two other witnesses to the shooting all testified, to the
contrary, that the complainant was shot by someone driving slowly past in a
van.  This evidence is legally sufficient
to prove the offense and overcome the self-defense claim, and appellant=s first issue is overruled.

                                                Ineffective
Assistance of Counsel

Appellant=s second and third points of error
argue that he was denied effective assistance of counsel because his trial
counsel failed to: (1) conduct an independent investigation of the case; (2)
acquaint himself with the facts of the case; (3) develop a trial strategy or
defensive theory; (4) and file numerous pre-trial motions.  

A
defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an objective
standard of reasonableness and thereby prejudices the defense to the extent of
causing the result of the proceeding to be different. Yarborough v. Gentry,
124 S. Ct. 1, 4 (2003); Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim.
App. 2003).  Ineffective assistance
claims must be affirmatively demonstrated in the record.  Bone v. State, 77 S.W.3d 828, 835
(Tex. Crim. App. 2002).  If counsel=s reasons for the challenged conduct
do not appear in the record and there is at least a possibility that it could
have been legitimate trial strategy, we will defer to counsel=s decisions and deny relief on an
ineffective assistance claim on direct appeal. 
Murphy, 112 S.W.3d at 601.








In
this case, because appellant did not develop a record of counsel=s reasons for the challenged actions
by motion for new trial or otherwise, he has not overcome the presumption of
sound trial strategy.  In addition, if
anything, the record shows that appellant=s counsel competently cross-examined
witnesses, demonstrated a familiarity with the evidence, pointed the jury to
inconsistencies in the State=s evidence, had a defensive strategy throughout the case, and
had a standing discovery order which encompassed most of the information
appellant claims his counsel should have asked for in pre-trial motions.  Concerning the remaining motions, the record
does not reflect whether counsel received additional information from a State=s open file policy or otherwise.  Nor has appellant shown what further evidence
his counsel might have developed upon further investigation.  Because appellant=s second and third points of error
thereby fail to demonstrate a deficiency in counsel=s performance, they are overruled,
and the judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed February 19, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
convicted appellant and assessed punishment of ten years confinement and a
$3,500 fine.