NO. 07-03-0514-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2005
_____

DYLON JAY CARTER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15537-C; HON. PATRICK PIRTLE, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN, C.J., and REAVIS, J.[1]

In appealing his conviction for aggravated assault with a deadly weapon, appellant Dylon Jay Carter contends that the evidence was legally and factually insufficient for the jury to have found that he did not act in self-defense. We affirm the judgment of the trial court.

---

[1]Chief Justice Johnson did not participate in this opinion.

On June 6, 2003, appellant was involved in a fight with Darrell Faircloth at a club in Amarillo. While he asserted that he stabbed Faircloth in self-defense, a witness (a bouncer at the club), testified that appellant went to his vehicle and emerged with a knife.[2] So too did the bouncer state that he attempted to dissuade appellant from doing anything with the knife. However, to these entreaties, appellant allegedly replied: "No man, this ain't right. I don't deserve this. He needs to get what he deserves." At that time, Faircloth and his friend were 15 to 20 yards away and were not approaching appellant. Nonetheless, according to the bouncer, appellant ran towards Faircloth and began hitting and stabbing him.

When a defendant raises self-defense, the State is required to prove the elements of the offense beyond a reasonable doubt and persuade the jury that the defendant did not act in self-defense. *Zuliani v. State,* 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Additionally, a person is justified in using deadly force against another 1) if he would be justified in using force under §9.31 of the Texas Penal Code, 2) if a reasonable person in the actor's situation would not have retreated, and 3) when and to the degree he reasonably believed that the deadly force was immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force. TEX. PEN. CODE ANN. §9.32(a)(1), (2) & (3)(A) (Vernon 2003).

At bar, evidence appears of record indicating that though another may have initially assaulted appellant, the latter retreated to his car to obtain a knife and returned to the fray with it. While both appellant and Faircloth offered testimony contradicting this version of

---

[2]Faircloth testified that he did not see appellant go to his vehicle and there were no bouncers trying to stop the fight.

events, the testimony nonetheless constituted some evidence upon which a rational juror could reasonably conclude, beyond reasonable doubt, that appellant committed assault with a deadly weapon. In other words, such a juror could have rationally concluded that a reasonable person, under the circumstances, would not have believed that the use of deadly force was immediately necessary because appellant had the opportunity to retreat when he went to his car and was no longer under attack. Thus, some evidence supports the jury's verdict.

Next, that the evidence supporting the verdict was contradicted by other testimony simply created an issue of fact for the jury to resolve. *Saxton v. State,* 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1997) (stating that the jury is free to accept or reject the defendant's evidence). It remained free to accept the bouncer's version of events and reject those proffered by appellant and Faircloth, and doing so does not render the verdict manifestly unjust.

Accordingly, both legally and factually sufficient evidence supports the verdict, and we affirm the judgment of the trial court.

Per Curiam

Do not publish.