IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00389-CR

No. 10-05-00390-CR

 

LaMont Marcelous Gilbert,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 174th District Court

Harris County, Texas

Trial Court Nos. 1006276 and 1033930

 



MEMORANDUM  Opinion










 

A jury convicted Lamont Marcelous Gilbert of
felony driving while intoxicated and evading arrest.  By agreement, Gilbert was
sentenced to a concurrent term of five years’ imprisonment and 150 days’
imprisonment, respectively.  Gilbert contends that there is legally and
factually insufficient evidence to support conviction on either charge.  We
will affirm.

When reviewing a challenge to the legal
sufficiency of the evidence, we must determine whether, after viewing all the
evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  The
court may not re-evaluate the weight and credibility of any evidence.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Inconsistencies in the
testimony are resolved in favor of the verdict.  Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).

The standard of
review for a factual sufficiency claim was recently revisited by the Court of
Criminal Appeals in Watson v. State, 204 S.W.3d 404 (Tex. Crim. App.
2006).   We, as the reviewing court, ask whether a neutral review of all the
evidence, though legally sufficient, demonstrates either that the proof of
guilt is so weak or that conflicting evidence is so strong as to render the
jury's verdict clearly wrong and manifestly unjust.  Watson, 204 S.W.3d
at 414-415; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  The
court reviews the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compares it with the evidence
that tends to disprove that fact.  Johnson, 23 S.W.3d at 7 (quoting Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)).  The appellate court
does not indulge in inferences or confine its view to evidence favoring one
side.  Rather, it looks at all the evidence on both sides and then makes a
predominantly intuitive judgment.  Id.  If an appellate court concludes
that the evidence is factually insufficient, it must clearly state why it has
reached that conclusion.  Watson, 204 S.W.3d at 417; Johnson, 23
S.W.3d at 7 (citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).

In this case, Houston
Police Officer Warren Jost testified to observing a Chevrolet Cavalier run a
stop sign.  When he attempted to stop the vehicle, the driver first began to
pull over and then sped off leading Jost on a chase.  At the outset, Jost called
in the license plate number of the vehicle.  During the chase, Jost was hit by
a truck, but he was able to continue the pursuit.  Eventually, the driver
pulled into the parking lot, and Jost intentionally crashed into the driver’s
side of the car disabling the vehicle.  The disabled vehicle had the same license
plate number as that called in by Jost.  The driver, Gilbert, initially refused
to leave the vehicle.  Eventually, officers forcibly removed Gilbert from the
vehicle.  Officers noticed that Gilbert smelled of alcohol, had bloodshot eyes,
was combative, and was unable to walk or stand on his own.  Once taken to the
police station, Gilbert refused to take field sobriety tests or a intoxilyzer
test. 

Gilbert contends that
the evidence is legally and factually insufficient to support a finding that he
was intoxicated or that he evaded arrested.  Specifically, Gilbert claims this
is a case of mistaken identity.  He was not the driver who ran the stop sign
and led police on a chase, claims Gilbert.  He simply drove the same make and
model of car. 

In support of this,
Gilbert argues that the credibility of the officers who had responded to the
scene had been undermined by conflicting testimony and a rebuttal witness.  It
is highly improbable, according to Gilbert, that Officer Jost maintained
constant sight of car he was chasing, as Jost testified.  Gilbert noted that
Officer Jost’s dashboard camera malfunctioned during the chase, and cannot
corroborate the officer’s testimony.  Also, Gilbert notes that Jost testified
he stopped the Cavalier at 5:42 p.m., but the video in the police car noted the
time as 5:24 p.m.  Jost claimed the inconsistency was due to the video
equipment having consistently had an incorrect time stamp.  In addition, one
officer, who arrived on the scene after the chase, described Gilbert as
surprised and confused, which Gilbert claimed was because of the mistaken identity. 
Finally, Gilbert noted he was stopped at 5:42 p.m. but did not arrive at the
police station until 8 p.m.  He claims this delay was to allow the responding
officers time to think of a story to cover having crashed into and arrested an
innocent man.

As a rebuttal witness,
a Houston attorney testified that Gilbert had been in his office that afternoon
until about 5 p.m. and could not have traveled, in the time allowed, to the
intersection where Jost claimed to have seen Gilbert run a stop sign.  The
attorney also testified that Gilbert was not intoxicated when he left the
office.  On cross examination, the attorney admitted that he could not be
certain of the day or time of Gilbert’s visit, and that he was not personally
familiar with traffic in that area.

Gilbert concedes that
his claims of the sufficiency of the evidence turn on the authority and weight
given by the jury to the State’s witnesses.  In conducting a legal sufficiency
analysis, credibility must not be reweighed by the appellate court.  Dewberry,
4 S.W.3d at 740.  Nonetheless, Gilbert urges this Court to find that the Texas
Constitution grants a broader scope of review than that which has been
articulated by the Court of Criminal Appeals.  Specifically, Gilbert contends
total deference should be not owed to the jury’s determination of witness
credibility, but rather, a witness’s credibility can be so undermined as to
render the testimony insufficient to support a verdict.  However, it is
precisely this standard which is embraced in the factual sufficiency review.  See
Watson, 204 S.W.3d at 416-17.  In a legal sufficiency review, courts are
precluded from taking the role of the so called “thirteenth juror.”  Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  Thus, we
overrule issue number one regarding the legal sufficiency of the evidence.

With regard to
factual sufficiency, the nature of a factual sufficiency review authorizes an
appellate court, although to a very limited degree, to act as “thirteenth
juror” to review the fact finder’s weighing of the evidence and disagree with
the fact finder’s determination.  Watson, 204 S.W.3d at 416-17 (citing Tibbs
v. Florida, 457 U.S. 31, 42-3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982);
Meraz v. State, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990)).  In so
doing, the appellate court may not simply overrule the jury’s resolution of a
conflicting of evidence; rather, the court must have an objective basis demonstrated
in the record to hold that the verdict is clearly wrong.  Watson, 204
S.W.3d at 414-17.

The jury chose to
believe the State’s version of events, and we find no reason in the record to
not defer to the jury in its resolution of alternative theories of the case.  See
Watson, 204 S.W.3d at 416-17; Parker v. State, 119 S.W.3d 350, 355
(Tex. App.—Waco 2003, pet. ref’d).  Thus, we cannot conclude that the State’s
evidence is so weak or the conflicting evidence so strong as to render the verdict
manifestly unjust.  Watson, 204 S.W.3d at 414-15.  We overrule issue
two.

Having overruled each
of Gilbert’s issues, we affirm the conviction.

 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed January 10, 2007

Do not publish

[CR25]