

## MEMORANDUM OPINION

No. 04-08-00896-CR

Edwin R. **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No 2, Bexar County, Texas
Trial Court No. 901112
Honorable Phil Chavarria, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 16, 2009

AFFIRMED

Appellant Edwin Lopez was found guilty of racing on a highway under section 545.420

of the Texas Transportation Code.  *See* TEX. TRANSP. CODE ANN. § 545.420 (Vernon Supp.

2008).  On appeal, Lopez argues the evidence was legally and factually insufficient to show he

committed the offense.  We affirm the judgment of the trial court.

## BACKGROUND

On October 2, 2004, Officer Patrick Navarijo of the San Antonio Police Department was parked on the right shoulder of the highway and running stationary radar. Officer Navarijo testified that he heard the sound of "a very loud . . . muffler," and he observed two cars in his rear view mirror "driving very fast." The two cars were travelling side by side one another at a speed of ninety miles per hour. Officer Navarijo testified that the headlights of both cars were "side by side" and they appeared to be "trying to outdo each other." As the cars approached Officer Navarijo's squad car, they began to slow down. He activated his overhead lights to initiate a traffic stop and only Lopez pulled over to the shoulder of the road. The driver of the other car did not stop and was never apprehended.

Officer Navarijo noticed Lopez's car was "modified" for racing by being "lowered" with "small tires on it, [and a] loud muffler." Officer Navarijo testified that, based on his experience, most people arrested for racing on the highway had additions to their car similar to the ones found on Lopez's car. He said he knew the cars were "intentionally racing" based on "the way that the muffler sounded" because "all [he] heard was acceleration." Lopez was arrested and charged by information with racing on a highway under section 545.420 of the Code. *See* TEX. TRANSP. CODE ANN. § 545.420.

## STANDARD OF REVIEW

When reviewing legal sufficiency, an appellate court examines whether, "after viewing all the evidence in the light most favorable to the prosecution, *any* rational trier of fact would have found the essential elements of murder beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). When considering a factual sufficiency challenge, an appellate court views all of the evidence in a

neutral light and only sets aside the verdict if the evidence is so weak that the verdict is "clearly wrong and manifestly unjust;" or if the verdict is "against the great weight and preponderance of the evidence." *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). Further, we resolve any inconsistencies in witness testimony in favor of the verdict. *Johnson v. State,* 815 S.W.2d 707, 712 (Tex. Crim. App. 1991) (en banc).

For a factual sufficiency review, we examine the evidence in a neutral light. *Watson*, 204 at 415. We "employ appropriate deference to . . . the fact finder's role as the sole judge of the weight and credibility given to witness testimony," but we do not make inferences in favor of, nor ignore evidence conflicting with, the verdict. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc). We may only set aside the judgment if (1) the evidence is "so weak that the jury's verdict seems clearly wrong and manifestly unjust," or (2) the verdict is "against the great weight and preponderance of the evidence." *Watson*, 204 S.W.3d at 414–15 (internal quotation marks omitted).

## RACING

Lopez asserts the State's evidence was not legally or factually sufficient to support a finding of guilt on the offense of racing. We disagree. Section 545.420 of the Code provides that a person may not participate in a race and defines "race" as:

> [T]he use of one or more vehicles in an attempt to:
>    (A) outgain or outdistance another vehicle or prevent another vehicle from passing;
>    (B) arrive at a given destination ahead of another vehicle or vehicles; or
>    (C) test the physical stamina or endurance of an operator over a long-distance driving route.

*See* TEX. TRANSP. CODE ANN. § 545.420 (a)(1), (b)(2) (Vernon Supp. 2008). At trial, Officer Navarijo testified that he had been trained to spot vehicles that were racing or engaging in acts of

reckless driving. Officer Navarijo testified that his radar showed the cars speeding at ninety miles per hour and that both drivers were parallel to each other, despite the high rate of speed and the various other lanes available on the highway for their cars. Based on this evidence, a rational jury could have found the essential elements of the offense of racing on a highway, i.e., the two vehicles were trying to outdistance or outgain one another. *See Saxton*, 804 S.W.2d at 914; *see also* TEX. TRANSP. CODE ANN. § 545.420. Therefore, the evidence is legally sufficient.

Lopez contends Officer Navarijo's observation of the cars lasted only three seconds, and he never saw either of the cars attempt to outgain each other. Given that it was night, Officer Navarijo admitted it was impossible to determine the exact movement of the vehicles. In a factual sufficiency review, we defer, appropriately, to the jury's role in judging and weighing the evidence, but we carefully consider the effect of evidence that conflicts with the jury's verdict. *Johnson*, 23 S.W.3d at 7. Regardless of whether we might have reached a different decision, a jury's verdict "is not manifestly unjust solely because [we might] have resolved the conflicting evidence in a different way." *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) (citing *Watson*, 204 S.W.3d at 417). Considering all the previously mentioned evidence in a neutral light and without making inferences in favor of the judgment, we cannot say the evidence is "so weak that the jury's verdict seems clearly wrong and manifestly unjust" or the jury's verdict is "against the great weight and preponderance of the evidence." *Watson*, 204 S.W.3d at 414–15 (internal quotation marks omitted). Therefore, we hold the evidence was factually sufficient to support the verdict of guilt beyond a reasonable doubt.

**CONCLUSION**

Having held the evidence was both legally and factually sufficient to show Lopez was guilty of racing on a highway, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH