# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00435-CR

**Desmond F. Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-14-200313, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Desmond F. Moore of assault family violence, and the trial court sentenced him to one year in jail but suspended imposition of the sentence and placed him on eighteen months of community supervision. *See* Tex. Penal Code § 22.01. Moore appeals, asserting that the evidence is insufficient to support the jury's verdict because he proved he was acting in self-defense. We affirm the trial court's order placing Moore on community supervision.

### Factual Summary

Reagan, the complainant and Moore's daughter, testified that the altercation began after she confronted Moore about whether he had "put hands on my son." Moore "said something along the lines of it doesn't matter I can do what I want [sic]," and Reagan repeated her question, "basically saying don't put hands on my son[,] it's not your place. And he came very close to my face [and] at that point I did push him away from me, and that's when he started hitting me."

Reagan testified that when Moore pressed his forehead against hers, she felt threatened because he was too close and "acting belligerent in the first place. And then when he came into my space like that that's when I felt threatened. I felt like I needed to remove him from my space. And right after that is when he started swinging at me." Moore repeatedly struck Reagan in the face with his fists, and she said she was too shocked to respond other than to attempt to block his blows with her hands. Reagan's jaw was bruised and painful afterwards, she had "a weird bump on my chin that didn't go away for a while," and her hand hurt for about a year after the assault. Reagan denied hitting Moore and said she believed he inflicted his own alleged injuries between the time the police were called and their arrival.

Reagan's daughter D., who was seven at the time of the altercation, testified that her grandfather "beat up my mom." D. testified that the day before the fight, when she asked Moore why he had thrown a toy, he hit her on the arm, although she said she was not hurt. The next day, Reagan asked Moore "why he was putting his hands on us," and Moore became angry and "just came up and started hitting her." D. saw Moore hit Reagan in the face with his fist and said Reagan tried to block Moore's blows. D. said that Reagan did not hit Moore and that "she didn't do anything."

Moore testified that when Reagan asked him if he had put his hands on her children, he felt threatened because "[s]he seemed as if she wanted to punish me." Moore stated that he asked her what she was talking about, and she punched him on the right side of the face with her left hand. Moore said he tried to push Reagan away, and that she hit him two more times before he hit her back, trying to defend himself. He said, "I wasn't attempting to hurt her, I just wanted to get her off of me." Moore also denied having physically disciplined Reagan's children. He said D.'s testimony

that he had physically disciplined the children and that he hit Reagan first was a "[s]traight up" lie. Moore testified that his lip was swollen and that there were red marks on his face.

**Discussion**

Moore argues that the evidence is insufficient to support the jury's determination that he was not acting in self-defense when he struck Reagan. He contends that the evidence shows he was confronted by his daughter, who outweighed him, that she initiated physical contact by pushing him, and that he had an "absolute right to self-defense" and "an immediate right to neutralize [Reagan's] aggression." He argues that the State did not prove beyond a reasonable doubt that he did not act in self-defense during the altercation. We disagree.

In evaluating the sufficiency of the evidence supporting a jury's verdict, we view the evidence in the light most favorable to the verdict and ask whether a rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (quoting *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010)). We are instructed only to "ensure that the evidence presented supports the jury's verdict and that the [State] has presented a legally sufficient case of the offense charged." *Id.* "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses," and if "the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

A person is justified in using force against another when and to the degree he reasonably believes is immediately necessary to protect himself against the other's use or attempted

use of unlawful force. Tex. Penal Code § 9.31(a). "[T]he issue of self-defense is an issue of fact to be determined by the jury." *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). When a defendant raises the issue of self-defense, "the State has the burden of *persuasion* in disproving the evidence of self-defense," but it is not required to "affirmatively produce evidence refuting the self-defense claim, but rather . . . to prove its case beyond a reasonable doubt." *Id.* In evaluating the sufficiency of the evidence supporting a jury's rejection of a claim of self-defense,[1] we ask not whether the evidence refuted the self-defense testimony but whether, viewing the evidence most favorably to the prosecution, a rational juror could have found against the claim of self-defense beyond a reasonable doubt. *Id.* at 914. Evidence supporting a claim of self-defense "will not render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence." *Id*.

Moore testified that Reagan initiated the physical confrontation by pushing him. However, Reagan testified that he approached her and pressed his forehead against hers in a threatening way and that she pushed him away in response, at which point Moore started punching her in the face. The jury was free to consider both versions of events and find Reagan's testimony, which was supported by D.'s version of events, more credible. Further, self-defense only excuses the use of force the defendant reasonably believes is necessary to protect himself, Tex. Penal Code § 9.31(a), and the jury could have concluded that punching Reagan in the face after she pushed him away was not a reasonably necessary use of force.

---

[1] A jury implicitly rejects a claim of self defense when it returns a guilty verdict. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

We overrule Moore's issue on appeal and affirm the trial court's order granting community supervision.

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed:   June 10, 2016

Do Not Publish