

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00114-CR

Kristi **COLLINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 16-09-180-CRW
Honorable Russell Wilson, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 15, 2019

AFFIRMED

Kristi Collins appeals her conviction for aggravated assault on a public servant. Collins argues the evidence is legally insufficient to support the jury's rejection of her defense of mistake of fact.

### BACKGROUND

Deputy Frank Ashton responded to a domestic disturbance at Collins's residence at 7:30 a.m. on February 28, 2016. The dispute at the residence arose out of an altercation between Collins and her fiancé's son, Chris. Deputy Ashton approached the residence in a marked police

vehicle, and he was wearing his Sheriff's uniform. As he approached in his vehicle, Deputy Ashton made eye contact with a female, presumably Collins, who was standing on the front porch. Deputy Ashton testified he was certain the female made eye contact with him "because she turned to her right and looked straight at [him] and then turned towards the trailer and then went back in the trailer." Deputy Ashton approached the residence on foot while announcing he was from the Sheriff's Office so that anyone inside the residence could hear. Shortly after, Collins's fiancé, Richard Berry, walked out of the residence and onto the front porch with a gun strapped on his shoulder. Deputy Ashton unholstered his weapon and asked Berry to put his gun down. While Berry was complying with Deputy Ashton's request, Collins appeared at an open window and yelled: "You put your weapon down. You're trespassing." Deputy Ashton testified Collins was the female he saw on the front porch as he approached in his vehicle. Deputy Ashton heard Collins say "[y]ou know what" as she disappeared from the window and reappeared with a shotgun pointed towards him. Believing his life was in imminent danger, Deputy Ashton fired two shots, both hitting Collins and ending the altercation. Deputy Ashton was wearing a body camera that captured the entire incident. The footage from the camera was properly introduced into evidence and was shown to the jury.

At trial, Collins testified the sun blinded her view when Deputy Ashton pulled his service pistol and she was not able to see he was a peace officer. Although her testimony was somewhat inconsistent, Collins claimed she stuck the shotgun out of the window because she thought Chris or one of his friends had arrived and was threatening Berry with a weapon. The court instructed the jury on the mistake-of-fact defense in the jury charge. After hearing the evidence, the jury found Collins guilty of aggravated assault on a public servant.

**DISCUSSION**

In reviewing a challenge to the sufficiency of the evidence, we examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and could have found against the accused beyond a reasonable doubt on a defensive issue raised by the evidence. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

"It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PENAL CODE ANN. § 8.02(a). Because the mistake-of-fact defense must be based on a reasonable belief about a matter of fact, the defense is inapplicable where the mistaken belief is not reasonable. *Gant v. State*, 814 S.W.2d 444, 452 (Tex. App.—Austin 1991, no writ); *see also Thompson v. State*, 236 S.W.3d 787, 800 (Tex. Crim. App. 2007). When reviewing the jury's rejection of Collins's mistake-of-fact defense, we must be mindful that the jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Aldeman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The jury is free to believe or disbelieve all or any part of any witness' testimony. *Id.*; *see also Braughton v. State*, No. PD-0907-17, 2018 WL 6626621, at *14 (Tex. Crim. App. Dec. 19, 2018) ("[B]y its implicit rejection of appellant's defenses in finding him guilty, the jury necessarily signaled its disbelief in [appellant's] testimony as lacking in credibility, and the legal sufficiency standard does not permit us to substitute our view of the credibility of the witness testimony for the jury's.").

The State was required to prove beyond a reasonable doubt that Collins intentionally or knowingly threatened Deputy Ashton with a deadly weapon and that Collins knew Deputy Ashton was a public servant who was lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02. The State also bore the burden of persuasion in disproving Collins's mistake-of-

fact defense. *See Saxton*, 804 S.W.2d 913. Here, the jury heard Deputy Ashton's testimony that Collins looked directly at him when he pulled up in his marked patrol vehicle. Deputy Ashton also testified that the sun was rising to his right and was not positioned behind him, thus contradicting Collins's testimony that the sun blinded her view. His testimony regarding the position of the sun was corroborated by the second deputy to arrive at the scene and by video from the body camera that was shown to the jury. In addition, there were inconsistencies in Collins's testimony about who she thought was approaching the house. It was the jury's role, as the fact-finder, to reconcile conflicts in the evidence. *See Braughton*, 2018 WL 6626621, at *11. The jury was free to believe Deputy Ashton's testimony and disbelieve Collins. *See Aldeman*, 828 S.W.2d at 421. The jury was also able to consider the video evidence and draw reasonable inferences regarding whether Collins could have reasonably believed Deputy Ashton was not a public servant. *See Braughton*, 2018 WL 6626621, at *11. When we view all the evidence before us in the light most favorable to the verdict, we conclude the jury could have rationally found Collins committed the aggravated assault and knew that Deputy Ashton was a public servant. In addition, a rational jury could have found Collins's mistaken belief—that Deputy Ashton was not a public servant—was unreasonable and, therefore, rejected her mistake-of-fact defense. *See Thompson*, 236 S.W.3d at 800. Thus, the evidence is legally sufficient to support Collins's conviction for aggravated assault of a public servant.

**CONCLUSION**

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH