**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00460-CR**
_____

**CAMERON BERTRAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-02-02428-CR**

**MEMORANDUM OPINION**

A jury found Cameron Bertrand guilty of assault causing bodily injury to a family member and that he had previously been convicted of such an offense. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A) (West 2019). The trial court assessed punishment at ten years of incarceration but suspended the imposition of the sentence and placed Bertrand on community supervision for seven years. In a single issue raised on appeal, Bertrand argues the evidence is legally insufficient to support

the jury's implicit rejection of his self-defense claim. We affirm the trial court's judgment.

Bertrand's sister, Amanda Shiller, testified that she took over running their mother's mechanic shop after their father's death in 2016. Shiller was preparing the shop for the day when Bertrand entered the shop and complained that a tool had been left out. Shiller spoke back to Bertrand, who reacted by lunging at her and punching her on the top of her head and her left shoulder. Shiller fell back approximately fifteen feet and landed on a grate that cut her elbow. Shiller stated that she jumped up, picked up a tire brush and tried to strike Bertrand with it, but Bertrand landed about six more closed-fist punches to her head and shoulder. She then lost control of her body and collapsed.

Bertrand's and Shiller's mother, Linda Bertrand, testified that Bertrand did not work at the shop. He had been drinking and became angry because a tool had been left on the floor. She heard their verbal confrontation and a thump, turned around, and saw Shiller "flipping across the pavement[.]"When she landed, Shiller got a tire cleaning brush and raised it to strike Bertrand, but Bertrand used both fists to hit Shiller six times until she fell to her knees. He left when they called the police.

Deputy Corey Brummett took statements from the three witnesses. Deputy Brummett read from Bertrand's statement, which in part stated:

"Started a few days back. Sister won't leave me alone. I keep telling her to stop bothering me, but she won't. She came at me angrily, and I got her physically. Had to remove her from my personal space. She then struck me in the forehead with I believe was her forearm. I then struck her in the jaw" -- I believe with "my fist" is what this says – "several actions occurred after that involving the two of us physically. She wound up with a scrub brush trying unsuccessfully to hit me with it. It ended after that."

According to Deputy Brummett, Bertrand admitted he struck first and explained that he removed Shiller from his personal space by pushing back on her cheek with his closed fist.

Testifying in his own defense, Bertrand denied being intoxicated at the time of the altercation. Two days before, he had offered his assistance on an oil change, but Shiller told him she did not want him anywhere around the shop. Bertrand described his sister as being belligerent, rude, vulgar, and dismissive at that time. One day before, they were not speaking to each other.

On the day of the altercation, Bertrand claimed that he went to the shop to take out the trash for his mother, and the comment he made about a tool being left on the ground was for her, not Shiller. Shiller asked why he was mad and that angered him because she already knew why from their conversation two days earlier. Bertrand stated that they both raised their voices belligerently and argued for several minutes. Bertrand stated that he was about to open a can of beer, after having been

3

instructed not to, when Shiller came around the table and "literally jumped on me" to stop him. He claimed he raised his hands and Shiller's forward momentum pushed his fist against her face. Bertrand stated, "I'm bigger than she is, and I know I'm stronger than she is, and I did what I thought was necessary to get her off of me." Bertrand claimed Shiller struck him, he threw her in response, and he had no control over where she landed. Shiller armed herself with the tire brush and came towards him just as their mother appeared, held his left arm, and begged them to stop. He could recall striking Shiller twice, ending the altercation.

To resolve a challenge to the sufficiency of the evidence in a case where the trial court included self-defense in the jury charge, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against the appellant on the self-defense issue beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). Because the jury is the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence, in our review we determine based on the cumulative force of all of the evidence whether the necessary inferences made by the jury are reasonable. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

4

A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect him against another person's use or attempted use of unlawful force. *See* Tex. Penal Code Ann. § 9.31(a) (West 2019). The use of force against another is not justified in response to verbal provocation alone or if he provoked the other's use or attempted use of unlawful force, unless he abandons the encounter or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter, and the other nevertheless continues or attempts to use unlawful force against the actor. *Id.* § 9.31(b)(1), (4) (West 2019). A "reasonable belief" is "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." Tex. Penal Code Ann. § 1.07(a)(42) (West Supp. 2018).

Bertrand does not challenge the sufficiency of the evidence that supports the jury's finding on the essential elements of the offense of assault, but he argues it was irrational for the jury to reject his claim of self-defense because the testimony and evidence at trial shows Shiller was the aggressor and that she started the altercation. Further, he argues his continued use of force was justified by Shiller's attempt to hit him with the tire brush.

According to Shiller, they engaged in a purely verbal argument until Bertrand lunged at her and struck her face with a closed fist. Bertrand agreed they were

5

arguing when his closed fist contacted Shiller's face, but he claimed she was the one who moved toward him. The jury, given two conflicting accounts concerning which sibling acted as the aggressor, could rationally have disbelieved Bertrand's claim that Shiller punched herself with his fist. Furthermore, the jury could rationally believe Shiller's and her mother's testimony that Bertrand struck Shiller six more times, disbelieve Bertrand's recollection of punching her twice, and rationally find that an ordinary prudent person would not have believed it necessary to pummel a smaller person with punches to prevent being injured by a blow from a tire brush. We conclude sufficient evidence supports the jury's implicit rejection of Bertrand's claim of self-defense, overrule the single issue raised in the appeal, and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 6, 2019
Opinion Delivered May 22, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

6