

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00260-CR

Jose B. **ROCHA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR6871
Honorable Christine Del Prado, Judge Presiding

Opinion by:   Adrian A. Spears II, Justice

Sitting:   Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: May 21, 2025

AFFIRMED

After a jury trial, Jose B. Rocha was found guilty of murder, pled true to the habitual enhancement, and was sentenced to life imprisonment. He brings one issue on appeal, arguing that the evidence is insufficient to support the jury's rejection of his claim that he acted in self-defense.

A person is justified in using deadly force against another:

> (1) if the actor would be justified in using force against the other under Section 9.31; and
>
> (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary . . . to protect the actor against the other's use or attempted use of unlawful deadly force.

TEX. PENAL CODE § 9.32(a). Under Section 9.31, a "person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *Id*. § 9.31(a).

When a claim of self-defense is raised, the defendant bears the burden to produce evidence supporting the defense, while the State bears the burden of persuasion to disprove the raised defense. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). "The defendant's burden of production requires him to adduce some evidence that would support a rational finding in his favor on the defensive issue." *Id*. The "State's burden of persuasion 'is not one that requires the production of evidence; rather, it requires only that the State prove its case beyond a reasonable doubt.'" *Id*. (quoting *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003)). "Thus, '[i]n resolving the sufficiency of the evidence issue, we look not to whether the State presented evidence [that] refuted appellant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt.'" *Id*. at 609 (quoting *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991)).

It is the sole province of the jury to determine the credibility and weight of the evidence. *Saxton*, 804 S.W.2d at 914; *see also Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App.

2010) (recognizing that "the jury is the sole judge of a witness's credibility, and the weight to be given the testimony"). The "jury is free to accept or reject the defensive evidence." *Saxton*, 804 S.W.2d at 914. "We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution." *Braughton*, 569 S.W.3d at 608. We are "required to defer to the jury's credibility and weight determinations." *Id*. (quoting *Brooks*, 323 S.W.3d at 899).

Relying on his own testimony, Rocha argues the evidence is insufficient because he testified that when he shot the complainant, the complainant had lunged at him and appeared to have a weapon. He further points to his own testimony that he heard gunshots and saw "a white car with some kids" whom he believed were shooting at him. Rocha also points to the autopsy report, which indicated the presence of illegal drugs in the complainant's body, as supporting his claim that the complainant was the first aggressor.

Rocha's argument, however, ignores other evidence in the appellate record. Admitted in evidence were a series of bus videos, which showed Rocha, his brother, and the complainant enter a public bus and then exit at a later bus stop. After exiting, the bus video shows the complainant and Rocha's brother appear to get into a verbal disagreement. After the first bus departed the bus stop, a second bus arrived seconds later. Bus video taken from the second bus shows Rocha shooting the complainant multiple times. In the bus video, Rocha and his brother advance on the complainant who is taking steps backwards and turns away to flee. Rocha and his bother then calmly turn and walk away.

At trial, the bus driver from the second bus testified that when he opened the bus doors to let people off at the bus stop, he heard an argument and saw the complainant "waiving, no. Like, no, no, no, no, like backing up." The bus driver saw the shooter fire five shots at the complainant

and then "casually walk[] away." According to the bus driver, the shooter and his companion "weren't in a rush or nothing; they just walked away." Another eyewitness also testified the complainant was backing away at the time of the shooting.

Further, Detective Timm Angell testified that during his investigation, he never became aware of any facts that would have led him to believe the complainant attempted to pull a weapon. Detective Angell testified that none of the eyewitnesses indicated that the complainant had provoked the incident or indicated that the complainant was in possession of a weapon. According to Detective Angell, when he watched the bus videos, he did not see any weapon in the hands of the complainant. Detective Angell further testified that no weapon was found in the vicinity of the complainant or on his body.

Additionally, the medical examiner testified the complainant died from gunshot wounds. According to the medical examiner, there was no evidence of close-range firing and the bullets were fired from further than five to six feet away from the complainant.

As the sole judge of the weight and the credibility of the evidence, the jury could have rejected Rocha's self-serving testimony and not found it to be credible evidence. *See Brooks*, 323 S.W.3d at 902; *Saxton*, 804 S.W.2d at 914. Further, from the bus videos and the testimony from the eyewitnesses, the detective, and the medical examiner, a rational factfinder could have found the essential elements of murder beyond a reasonable doubt and found against the defendant on the self-defense issue beyond a reasonable doubt. *See Saxton*, 804 S.W.2d at 914; *Brooks*, 323 S.W.3d at 902. We therefore hold the evidence is sufficient to support Rocha's conviction and affirm the judgment of the trial court.

Adrian A. Spears II, Justice

DO NOT PUBLISH